Joseph P. CONNORS, Sr., Paul R. Dean, William B. Jordan, William Miller, and Donald E. Pierce, as Trustees of the United Mine Workers of America 1950 Benefit Plan and Trust, Appellants,

v.

TREMONT MINING CO., North Cambria Fuel Co., Inc., Reitz Corp., Westover Fuel & Supply Co., North Camp Mining Co., Valley Coal Co., Longwall Mining Inc., Canterbury Coal Co., Bennetts Coal Co., Leechburg Mining Co., J.R. Sales, Inc., Jandy Coal Co., Helen Mining Co., and Consolidation Coal Co., et al.

Nos. 87-3350 to 87-3355 and 87-3357 to 87-3364.

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 1987.

Decided Dec. 23, 1987.

Rehearing Denied Jan. 25, 1988.

Israel Goldowitz (argued), Gerald E. Cole, Jr., Margaret M. Topps, Charles G. Starrs, UMWA Health & Retirement Funds, for appellants.

Mark E. Solomons (argued), Douglas M. Mangel, Arter & Hadden, Washington, D.C., for appellees.

Anthony J. Polito, Polito & Smock, P.C., Pittsburgh, Pa., for appellee Consol. Coal Co.

Before SEITZ, HUTCHINSON and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The major question for decision is whether the district court had jurisdiction to entertain an action by trustees of the United Mine Workers of America 1950 Benefit Plan and Trust (the Plan) seeking reimbursement from defendant coal operators for medical benefits paid to 650 black lung claimants. The complaint does not allege that final compensation orders have been obtained from the Department of Labor. The district court held that it lacked jurisdiction under either the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(d), or the general federal question statute, 28 U.S.C. § 1331. The trustees of the Plan appeal from the district court's dismissal of the complaint under Rule 12(b)(1), F.R.Civ.P. We agree with the holding of the district court, and therefore will affirm.

Jurisdiction on appeal is proper based on 28 U.S.C. § 1291. The existence of subject matter jurisdiction is a question of law over which we exercise plenary review. *International Bhd. of Boilermakers v. Kelly*, 815 F.2d 912 (3d Cir.1987). We will first treat appellants' contention that the court had jurisdiction under section 1331.

## I.

The Plan is a collectively-bargained employee benefit plan established to provide health benefits to its beneficiaries. Many of these beneficiaries are also eligible for medical benefits under the Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901–945. The Act provides that black lung benefits ordinarily are to be paid by "responsible operators" as determined by the Department of Labor.

Appellants maintain here, as in their section 921(d) argument, that the Plan has the right to recover monies paid by it to beneficiaries on claims for which defendant operators are ultimately responsible under the BLBA. Appellants assert that this issue is governed by the terms of the Plan, which is, in turn, covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Hence, the trustees argue, this action "arises under" federal law, and the district court has jurisdiction under the general federal question statute. The trustees further contend that this case involves only general questions of labor law, common law rights of subrogation, and ERISA. According to the trustees, the BLBA does not govern these questions, so its exclusive review provisions do not apply. We disagree.

■ Although the meaning and application of the Plan itself is governed by ERISA, the right of the trustees to recover from the operators is not dependent simply upon an interpretation of the Plan. Having only rights of subrogation, the trustees can recover only if the operators are liable to individual beneficiaries under the BLBA, and only if a fund award has been previously promulgated. Even if the trustees could somehow circumvent the exclusivity provisions of the BLBA, their theory crumbles because they do not, and cannot, allege that the operators can be held liable simply by a unilateral determination by the trustees that any particular beneficiaries, for whom they claim to be subrogees, are entitled to payment by the operators.

■ The district court held that jurisdiction was not available under section 1331 because in a case involving black lung disability benefits, federal question jurisdiction is supplanted by the provisions of the BLBA. Section 422 of the BLBA incorporates into that Act the claims procedures set forth in the Longshore and Harbor Workers' Compensation Act, as amended in 1972, 33 U.S.C. §§ 901–950. The Act provides extensive administrative procedures for the filing of claims, determinations of

liability, and appeals from decisions. The 1972 amendments substituted review by a Benefits Review Board for previously available review by a district court. Decisions of the review board are now reviewable only in the United States Courts of Appeals. This court has held that the review scheme set forth in the 1972 amendments to the Longshore Act apply to black lung benefit determinations. *Krolick Contracting Corp. v. Benefits Review Board,* 558 F.2d 685, 687–88 (3d Cir.1977).

Moreover, in *Compensation Dep't of Dist. Five, United Mine Workers of America v. Marshall,* 667 F.2d 336, 340 (3d Cir. 1981), relied upon by the district court in this case, this court held that "the scheme of review established by Congress for determinations of black lung disability benefits was intended to be exclusive." Significantly, we noted that where black lung benefits are at issue, jurisdiction is not available under section 1331 because it was "supplanted by the provisions for exclusive Court of Appeals review." *Id.* at 339 n. 7. The court explained:

Underlying our conclusion that the district court lacked subject matter jurisdiction is the general rule that if "there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies."

... Moreover, "there is a strong presumption against the availability of simultaneous review in both the district court and the court of appeals."

*Id.* at 340 (quoting *Sun Enter. v. Train,* 532 F.2d 280, 287 (2d Cir.1976)); *see also Carozza v. United States Steel Corp.,* 727 F.2d 74 (3d Cir.1984); *Bernardo v. Director, Office of Workers' Compensation,* 790 F.2d 351 (3d Cir.1986).

Because this case involves the payment of black lung benefits as provided by the BLBA, we conclude that the district court did not have subject matter jurisdiction under the general federal question statute to hear appellants' claims.

We now turn to appellants' contention that the district court had subject matter jurisdiction under section 921(d).

II.

Section 921(a) of the Longshore and Harbor Workers' Compensation Act states:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted ... shall become final....

33 U.S.C. § 921(a). Section 921(d) provides:

If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred....

33 U.S.C. § 921(d).

■ We agree with Judge Ziegler that the complaint does not aver the *sine qua non* of an action under section 921(d). And we adopt his reasoning. Under the Longshore Act, a claim for compensation must be filed with the deputy commissioner for the Secretary of Labor. 33 U.S.C. § 919(a). Within 10 days, notice of the claim is given to the employer and any other person the deputy commissioner considers an interested party. 33 U.S.C. § 919(b). Upon application of any interested party, the deputy commissioner orders a hearing to be held before an administrative law judge. 33 U.S.C. § 919(c). Following the filing of an order, an appeal may be taken to the Benefits Review Board established by the Secretary. 33 U.S.C. § 921(b). Aggrieved parties may seek review of decisions of the Board in the United States Court of Appeals. 33 U.S.C. § 921(c). As noted above, we have recognized that the Longshore Act provides exclusive procedures for the prompt and efficient determination of black lung benefits. The district court has jurisdiction to enforce final orders of the Secretary, but does not have jurisdiction to de-

termine benefits *de novo.* 33 U.S.C. § 921(d).

Thus, while district court jurisdiction is available under section 921(d), this provision is severely circumscribed: there must be an allegation, first, that a final compensation order has been effectuated, and second, that the responsible operator has failed to comply with the compensation order.

Although the trustees contend that the operators have not refunded the medical benefits paid by it and that it, therefore, qualifies as a subrogee, the vigor of the Plan's argument is dissipated by its failure to plead the existence of a final compensation order for each of the 650 black lung claimants. And, apparently, it cannot make this allegation. As explained at oral argument, sometime prior to November 1983 the Plan sought information from the Department of Labor regarding the black lung claimants and their last responsible employers. Resulting reports from the Department identified the appellee operators as the responsible employers for hundreds of claimants who had already received reimbursement for medical expenses from the Plan. The Plan then provided the mine operators with the computer printouts, identifying each beneficiary, the dates of medical procedures, and the amounts paid by the Plan. The Plan then made claims for reimbursement, but the operators refused to pay.

A computer printout from the Department of Labor merely identifying responsible operators does not verify that a final award has been made, and does not satisfy the provisions of section 921(a) that require "a compensation order making an award that has become final" as a condition precedent to district court jurisdiction.

### III.

The judgment of the district court will be affirmed.