Joseph P. **CONNORS**, et al.,
**Plaintiffs–Appellants,**

v.

**OGLEBAY NORTON COMPANY,**
**Defendant–Appellee.**

No. 87–3799.

United States Court of Appeals,
Sixth Circuit.

Argued May 2, 1988.

Decided June 3, 1988.

Paula L. Friedman, Baker & Hostetler, Cleveland, Ohio, Charles G. Starrs (argued), Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., Gerald E. Cole, Jr., Israel Goldowitz, for plaintiffs-appellants.

John G. Paleudis (argued), Gerald P. Duff, Hanlon, Duff & Paleudis Co., St. Clairsville, Ohio, John J. Kirn, Asst. Sec. & Counsel, Oglebay Norton Co., Cleveland, Ohio, for defendant-appellee.

Before LIVELY, C.J., and MERRITT and BOGGS, Circuit Judges.

PER CURIAM.

Trustees of the United Mine Workers of America 1950 Benefit Plan instituted this action in district court to recover medical expenses paid by the Plan on behalf of six miners, purported to be for conditions covered by the Black Lung Act as amended, 30 U.S.C. §§ 901–945. The complaint alleges that the defendant, Oglebay North Company, has been deemed the responsible operator for black lung purposes by the Department of Labor. The district court dismissed the action for lack of subject matter jurisdiction and the trustees appeal.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, we conclude that the district court properly dismissed this action for lack of jurisdiction. If the expenses paid on behalf of the six miners are compensable under the Black Lung Act, the 1950 Benefit Plan must proceed through the administrative processes established by the Act for the adjudication of individual claims for medical expenses. The 1950 Benefit Plan cannot proceed directly in United States District Court under either 28 U.S.C. § 1331 or 30 U.S.C. § 921(d) to recover its payments to the miners under the Plan since it has never been determined administratively that the miners are entitled to any specific award.

We follow the decision of the Third Circuit in *Connors v. Tremont Mining Co.*, 835 F.2d 1028 (1988).

The judgment of the district court is affirmed.