Joseph P. **CONNORS, Sr., Paul R. Dean, William B. Jordan, William Miller, and Donald E. Pierce, Trustees of the United Mine Workers of America 1950 Benefit Plan and Trust, Appellants,**

v.

**BETHLEHEM MINES CORP., Appellee.**

No. 88–1135.

United States Court of Appeals, Third Circuit.

Argued Sept. 29, 1988.

Decided Dec. 2, 1988.

Israel Goldowitz, Deputy Gen. Counsel, Charles G. Starrs (argued), Associate Counsel, UMWA Health and Retirement Funds, Washington, D.C., for appellants.

William J. O'Brien, John H. McKeon, Jr. (argued), Conrad & O'Brien, P.C., Philadelphia, Pa., for appellee.

Before GIBBONS, Chief Judge, SEITZ, Circuit Judge, and FARNAN, District Judge *.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

The trustees of the United Mine Workers of America 1950 Benefit Plan and Trust (the Trust) appeal from the district court's order dismissing for lack of subject matter jurisdiction their suit to recover from responsible employers benefits paid out to miners by the Trust. The appeal attempts to test the limits of this court's decision in *Connors v. Tremont Mining Co.*, 835 F.2d 1028 (3d Cir.1987). It questions whether under *Tremont* a complaint alleging satisfaction of the requirements of 33 U.S.C. § 921(d) (1982) suffices for district court jurisdiction. We hold that *Connors* cannot be read to allow parties to end run the statutory scheme established by Congress for the resolution of claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(d) (1982), as incorporated by section 422 of the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1982). Therefore, we will affirm the district court's order.

---

* Hon. Joseph J. Farnan, Jr., United States District Judge for the District of Delaware, sitting by designation.

## I

The Trust is a collectively-bargained employee benefit plan under which qualified participants receive comprehensive health benefits. The Trust allegedly paid benefits to 430 participants to cover black lung-related medical services. The Trust's terms bar payment of benefits for any service the law requires an employer to cover in whole or in part. Pursuant to this provision and the Black Lung Benefits Act, 30 U.S.C. § 932, which requires responsible operators to assume treatment costs for disabled employees, the trustees filed this action in federal district court to recover from Bethlehem the amounts paid out. They based jurisdiction on section 21(d) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921 (1982).[1]

Upon issuance of this court's decision in *Connors v. Tremont Mining Co.*, 835 F.2d 1028 (3d Cir.1987), the district court, deeming that decision controlling, dismissed the trustees' suit for want of subject matter jurisdiction. The trustees then filed two motions: a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment and a motion to amend the complaint. They supplemented this last request with a proposed amended complaint, which incorporates the trustees' initial allegations but also specifically asserts that certain listed individuals had filed Black Lung Benefits Act claims for medical benefits, that the Deputy Commissioner of the United States Department of Labor had issued a compensation order that had become final, and that Bethlehem has failed to comply—the elements necessary to invoke the subject matter jurisdiction of the United States district courts under section 921(d). The district court denied both motions. In rejecting the proposed amended complaint, the district court found that "[t]he 'compensation orders' proffered [sic] by the plaintiffs do not meet the arguments ... approved by the

Third Circuit." *Connors v. Bethlehem Mines Corp.*, No. 86–6444, order (E.D.Pa. Feb. 4, 1988). The instant appeal followed.

When an appeal challenges denial of a Fed.R.Civ.P. 59(e) motion to alter or amend a judgment, it " 'brings up the underlying judgment for review.' " *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir.1986) (quoting *Quality Prefabrication v. Daniel J. Keating Co.*, 675 F.2d 77, 78 (3d Cir.1982)). Dismissals of complaints for lack of subject matter jurisdiction receive plenary review *Pennbank v. United States*, 779 F.2d 175, 178 (3d Cir.1985). We apply an abuse of discretion standard in our review of the district court's denial of the trustees' motion for leave to file an amended complaint.

## II

The trustees hope to save this cause of action, as well as others,[2] by specifically pleading satisfaction of the elements of section 921(d) that confer subject matter jurisdiction on the district court. They pin their hopes for success on *Tremont* language that there "the [trustees'] complaint d[id] not aver the *sine qua non* of an action under section 921(d)." *Tremont*, 835 F.2d at 1030. *Tremont* states that "there must be an allegation, first, that a final compensation order has been effectuated, and second, that the responsible operator failed to comply with the compensation order." *Id.* at 1031. That decision, however, makes it clear that merely pleading the requisite elements in the complaint will not establish district court jurisdiction. It emphasizes the need for the Secretary of Labor to make an initial determination of benefits before the district court has jurisdiction to enforce a final order. Thus, *Tremont* holds:

> A computer printout from the Department of Labor merely indentifying re-

**1.** The trustees originally asserted jurisdiction under 28 U.S.C. § 1331 (1982). Because this court in *Tremont* subsequently rejected the availability of federal question jurisdiction in Black Lung Benefits Act cases, *Tremont*, 835 F.2d at 1030, the trustees no longer assert section 1331 as a basis for federal court jurisdiction.

**2.** The trustees indicate that should this appeal succeed, they intend to refile the *Tremont* claims, employing the same allegations tested here. Brief for Appellants at 10 n. 2.

sponsible operators does not verify that a final award has been made, and does not satisfy provisions of section 921(a) that require "a compensation order making an award that has become final" as a condition precedent to district court jurisdiction.

*Id.* Under *Tremont*, such printouts do not rise to the level of a final compensation order. *Id.*

■ The facts of the instant appeal are indistinguishable from those of *Tremont*. The "orders" appended to the proposed amended complaint are determinations by the Secretary that the named individuals suffer from pneumoconiosis and identify Bethlehem as the responsible employer. They act as the functional equivalents of the computer printouts in *Tremont*. The trustees must exhaust the administrative remedies provided by the Act before they may seek review in the district court. Until they have done so, the district court remains powerless to entertain their plea. Because the trustees' amended complaint facially is deficient, the district court did not abuse its discretion in denying the trustees' motion for leave to amend the complaint.

### III

We conclude that merely pleading satisfaction of the statutory prerequisites for district court jurisdiction will not create jurisdiction where the underlying documentation belies exhaustion of the established administrative remedies. Accordingly, we will affirm the dismissal of the trustees' action by the district court for lack of subject matter jurisdiction.