**Albie HOWELL, Plaintiff,**

v.

**UNIT COAL CORPORATION and Old Republic Insurance Company, Defendants.**

Civ. A. No. 91–96.

United States District Court,
E.D. Kentucky,
Pikeville Division.

July 12, 1991.

Motion to Vacate, Alter or Amend
Denied Sept. 6, 1991.

John L. Barton, Paintsville, Ky., for plaintiff.

Mark E. Solomons, Arter & Hadden, Washington, D.C., Paul E. Jones, Local Counsel, Baird, Baird, Baird & Jones, P.S.C., Pikeville, Ky., for defendants.

MEMORANDUM OPINION
AND ORDER

HOOD, District Judge.

This matter is presently before the court on motion of the defendant, Unit Coal Corporation [Unit], and Old Republic Insurance Company [Old Republic], to dismiss. In addition, the plaintiff, Albie Howell [Howell], has filed a motion for a temporary and permanent mandatory injunction. Fully briefed, the matter is ripe for decision.

FACTUAL BACKGROUND [1]

The plaintiff, Howell, was employed by the defendant, Unit, as a coal miner in Floyd and Pike Counties. On September 11, 1973, the Social Security Administration

---

1. The factual background is drawn from the plaintiff's complaint [Record No. 4], its accompanying Exhibits, and documents drawn from the official record of the ongoing administrative proceedings which are attached Exhibits to the defendants' memorandum in support of their motion to dismiss. [Record No. 18].

[SSA] awarded Howell benefits under Title IV of the Federal Coal Mine Health and Safety Act [FCMHSA]. Because of this award plaintiff was entitled to disability payments from the SSA. Title IV was later amended in 1978 to authorize the beneficiaries of SSA awards to file claims for medical benefits under Part C of the FCMHSA with the Department of Labor [DOL]. Black Lung Benefits Reform Act of 1977, [BLBA], *codified at* 30 U.S.C. § 924(a).

On May 2, 1978, Howell filed a medical benefits claim. Unit and its black lung carrier, Old Republic, controverted their liability and chose to litigate the plaintiff's claim. Payment for this type of claim is the responsibility of private coal mine operators and their black lung carriers, if approved. However, during the pendency of the dispute, the DOL paid Howell's various medical bills out of the Black Lung Disability Trust Fund.

On September 22, 1984, Old Republic filed with the DOL Deputy Commissioner an "Agreement to Pay Medical Benefits" signed by D.L. Rutter, Vice President of Claims for Old Republic. Old Republic agreed to:

> pay medical benefits to the claimant/miner for reasonable medical charges directly resulting from treatment of the miner's coal worker's pneumoconiosis and to reimburse the Black Lung Disability Trust Fund for reasonable medical charges directly resulting from treatment of the miner's coal worker's pneumoconiosis.

[Record No. 4, Exhibit 1].

In a decision and order, dated November 21, 1984, the Deputy Commissioner required Unit "to provide claimant all reasonable and necessary medical benefits required for the treatment of his pneumoconiosis condition … in accordance with the provisions and limitations of the Act." The decision and order also directed reimbursement to the Black Lung Disability Trust Fund [BLDTF] the sum of $6,387.83 which was payment made for treatment of the claimant's totally disabling pneumoconiosis. [Record No. 4, Exhibit 2].

On July 31, 1987, the Deputy Commissioner issued an order to show cause why he should not apply to the United States District Court for an order requiring Old Republic to reimburse the BLDTF for Howell's medical costs. In response to the show cause order, Old Republic said it did not agree to pay any specific amount, retained the right to audit any amounts paid, and requested from the Deputy Commissioner Howell's medical bills backing up the amount claimed before it would tender payment. On October 27, 1987, Old Republic remitted the amount of $6,357.83, to the DOL after the Deputy Commissioner provided certain documents.

The plaintiff has alleged that in 1987 Old Republic notified Howell that it would no longer reimburse him for out of pocket expenses for medications and apparatus prescribed by his treating doctors for his pneumoconiosis and ancillary pulmonary condition. [Record No. 4]. Moreover, in mid–1990, Howell was notified by his health insurance carrier of its refusal to make further payments to his treating doctors and treating hospital on the grounds that Old Republic is responsible for treatment. [Record No. 4].

On September 11, 1990, the DOL sent an "Order To Pay Medical Treatment Benefits" to Unit and Old Republic. [Record No. 4, Exhibit 5]. The Order directed Old Republic to pay certain medical expenses as described in a memorandum attached to the Order, stating: "Any party disagreeing with the terms of this Order may request a formal hearing within thirty (30) days of the date signed. If no response is received within that period, the Order shall become final." [Record No. 4, Exhibit 5]. The Order was signed and filed on September 11, 1990.

By a letter dated October 11, 1990, Unit and Old Republic registered their disagreement with the Order of September 11, 1990, asking for reconsideration and ninety days to submit evidence substantiating their position. In the alternative, they requested Howell's claim be referred to the Office of Administrative Law Judges [OALJ].

A claims examiner of the Office of the District Director granted the request by Unit and Old Republic to hold the claim open for ninety days for their development. Subsequently, the defendants submitted evidence demonstrating that the treatment at issue was not covered under the BLBA and other defenses to the claim.

On February 28, 1991, the claims examiner concluded that Howell's expenses at issue were reimbursable. [Record No. 18, Exhibit B]. Further, she concluded the September 11, 1990, Order had become final since the letter dated October 11, 1991, by Unit and Old Republic was not received within the prescribed period. Old Republic and Unit sought reconsideration of her position or, in the alternative to submit the finality of the September 11, 1990, order as an issue for the OALJ to resolve. [Record No. 18, Exhibit C].

The District Director on April 18, 1991, forwarded the dispute over the medical bills claim to the OALJ. [Record No. 18, Exhibit D].[2]

This action was commenced by Howell on March 26, 1991, seeking this Court to enforce the November 21, 1984 Order and the September 11, 1990 Order. The defendants contend that this action presents the Court with the same issues that are currently before the administrative tribunal.

## DISCUSSION

■ The BLBA contains no claims procedures of its own but instead expressly incorporates the adjudication procedures set forth in the Longshore Act. 33 U.S.C. §§ 901–50, *incorporated by reference in part into* 30 U.S.C. § 932(a). The plaintiff must rely on a jurisdictional basis found in the Longshore Act in order to invoke the jurisdiction of this Court. *Connors v. Oglebay Norton Co.*, 848 F.2d 84 (6th Cir. 1988); *Louisville & Nashville R.R. Co. v. Donovan*, 713 F.2d 1243 (6th Cir.1983). In this case, the plaintiff alleges that jurisdiction exists under § 21(d) of the Longshore Act which provides:

> If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award ... may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred ...

■ The plaintiff requests the Court to enforce, the orders dated November 21, 1984, and September 11, 1990, arguing that these two orders are final compensation orders which the Court can and should enforce. The defendants contend that they are entitled to litigate coverage in the administrative forum prior to the institution of proceedings in this court. Further, they argue that these two orders are not final "compensation orders" which would trigger jurisdiction under § 21(d). *See Connors v. Oglebay Norton*, 848 F.2d 84 (6th Cir.1988), *citing Connors v. Tremont Mining Co.*, 835 F.2d 1028 (3rd Cir.1987). Further, as regards the November 21, 1984 order, it is argued that the Court may not exercise jurisdiction under § 21(d), assuming it is a compensation order, since the same does not colorably support the relief the claimant has requested. [Record No. 18]. Therefore, the defendant contends that, since § 21(d) will not support the exercise of jurisdiction, this case must be dismissed.

The November 21, 1984 order does not establish that the defendants must pay the bills or treatment at issue. That order simply determined entitlement to medical benefits and does not address whether particular medical treatment is covered.

The second order Howell seeks to enforce is the September 11, 1990 order of the District Director. Although Howell avers that Unit and Old Republic have failed to timely contest the orders of the District Director, he will have the right to make this assertion before the ALJ. *See*

---

**2.** The memorandum of the claims examiner of the Office of the District Director states contested issues for the OALJ to resolve. Issue number 14 is as follows: "That good cause exists for accepting the appeal as having been timely filed." The memorandum indicates that this is not an issue contested by the District Director. [Record No. 18, Exhibit D].

432

*Pyro Mining Co. v. Slaton,* 879 F.2d 187, 190–91 (6th Cir.1989).

The plaintiff attempts, by bringing this action, to jump mid ship into another forum. It is beyond peradventure that a plaintiff must first exhaust his administrative remedies before this Court will have jurisdiction. *Heckler v. Ringer,* 466 U.S. 602, 617–19, 104 S.Ct. 2013, 2022–24, 80 L.Ed.2d 622 (1984). As the defendant has correctly argued, in situations similar to this, courts have rejected attempts to invoke § 21(d) in circumvention of the administrative procedures. *Oglebay Norton,* 848 F.2d at 85; *Tremont Mining Co.,* 835 F.2d at 1031; *Connors v. Amax Coal Co.,* 858 F.2d 1226, 1232 (7th Cir.1988). Likewise, the Court is bound to follow the well established precedent on this issue that a litigant must exhaust his administrative remedies before the Court will be allowed to exercise its jurisdiction under § 21(d).

The parties to date have not received a hearing date by the OALJ for their dispute. However, mere delay in the administrative forum does not justify or invoke this courts jurisdiction to hear their claim.

Thus, since this Court lacks subject matter jurisdiction to hear the dispute it therefore cannot entertain the plaintiff's motion for a temporary and permanent mandatory injunction.

Accordingly, IT IS ORDERED:

(1) That the defendants', Unit Coal Corporation and Old Republic Insurance Company, motion to dismiss for this Court's lack of subject matter jurisdiction be, and the same hereby is, GRANTED.

(2) That the plaintiff's, Albie Howell, motion for a temporary and permanent injunction be, and the same hereby is, DENIED.

### ORDER

The above-referenced case is before the Court on Plaintiff's Motion to Vacate, Alter or Amend Judgment. Upon consideration of the motion, the brief submitted in support of it, and Defendants' opposition to it, and good cause having been shown;

It is hereby ORDERED that Plaintiff's Motion to Vacate, Alter or Amend Judgment is denied.