CLD-146                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1260
_____

STEPHEN P. FLEMING,
                                        Appellant

v.

CAPE MAY COUNTY, FAMILY PART, (D.Y.F.S.); MS. FLORINE ALEXANDER,
CMCH; SUPERIOR COURT OF NEW JERSEY; COUNTIES OF ATLANTIC CITY
AND CAPE MAY; JUDGE CAROL E. HIGBEE, Atlantic City Courthouse; JUDGE
DARYL TODD, Cape May Courthouse; CAPT. LIN FRANE, D.A.'s Office, CMCH;
DONALD A. WILKINGSON, ESQ.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-03894)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
March 22, 2012

Before: RENDELL, HARDIMAN and VAN ANTWERPEN , Circuit Judges

(Opinion filed:  April 5, 2012)
_____

OPINION
_____

PER CURIAM

        Stephen Fleming, proceeding pro se and in forma pauperis, appeals District Court

orders dismissing his complaint and denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, exercising plenary review over the dismissal of the complaint. See Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); Connors v. Tremont Mining Co., 835 F.2d 1028, 1029 (3d Cir. 1987). The denial of a motion for reconsideration is reviewed for abuse of discretion. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981) (per curiam).

Having examined the record, we are in full accord with the District Court and, finding no substantial question presented by this appeal, will summarily affirm its judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Fleming's complaint, which is confusing and disjointed, does not specify the nature of the relief he seeks, and is flawed in several respects. To the extent that he directly attacks a state-court judgment, his claims are barred by the Rooker-Feldman[1] doctrine. See Lampe v. Lampe, 665 F.3d 506, 518 n.15 (3d Cir. 2011). Many of the named defendants are probably entitled to varying forms of immunity. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (delineating the contours of prosecutorial immunity); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (explaining judicial immunity); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (discussing Eleventh Amendment immunity in the context of "state agencies and departments and officials when the state is the real party in

---

[1] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

interest").[2] The complaint, even read with the degree of liberality afforded to pro-se pleadings, see Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam), does not appear to state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal criminal statutes do not, by their mere presence, grant a private right of action for use in civil suits. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283–84 (2002). Nor does the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, create such a right of action. See Thompson v. Thompson, 484 U.S. 174, 187 (1988). To the extent that Fleming's complaint can be read to imply a suit in diversity against defendant Donald Wilkinson, it still fails to "state a plausible claim for relief" due to its conclusory approach and lack of well-pleaded facts. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). In sum, these many defects suggest that the District Court correctly dismissed the complaint pursuant to its 28 U.S.C. § 1915(e)(2) screening responsibilities.

Ordinarily, a District Court should not dismiss a pro se complaint without granting leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002). Here, however, amendment would be futile; the defects discussed above could not be corrected by amending the complaint. Also, while it appears that Fleming may have intended to file a motion for appointment of counsel, see Letter, ECF No. 2, his

---

[2] While "immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded," Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir. 1986), it may be raised sua sponte when apparent from the face of the complaint. Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002).

complaint lacked merit and, as such, a motion for appointment of counsel would have been properly denied.  See Alston v. Parker, 363 F.3d 229, 231 (3d Cir. 2004).  Finally, we detect no abuse of discretion in the denial of Fleming's motion for reconsideration, as he pointed to no "manifest errors of law or fact" in the District Court's original order and did not otherwise "present newly discovered evidence."  Blystone v. Horn, 664 F.3d 397, 415–16 (3d Cir. 2011).

For the foregoing reasons, we will summarily affirm.

4