UNITED STATES of America

v.

Robert MILLER, Appellant.

No. 72–1393.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 1, 1973.

Decided March 21, 1973.

Rehearing Denied April 18, 1973.

Robert A. Cantor, with whom Gerald B. Greenwald (both appointed by this court) and John G. Manning, Washington, D. C., were on the brief, for appellant.

David M. Bullock, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. and John A. Terry, Asst. U. S. Atty., were on the brief for appellee. Roger M. Adelman, Asst. U. S. Atty., also entered an appearance for appellee.

Before McGOWAN and WILKEY, Circuit Judges, and ROBERT VAN PELT.* Senior United States District Judge for the District of Nebraska.

PER CURIAM:

This appeal is from a denial by the District Court of a motion to vacate sentence under 28 U.S.C. § 2255. Convicted by a jury of federal narcotics offenses, 26 U.S.C. § 4704(a) and 21 U.S.C. § 174, appellant received the mandatory minimum sentence of ten years. This court remanded for reconsideration of sentence in the light of our holding in Watson v. United States, 141 U.S.App. D.C. 335, 439 F.2d 442 (1970) (en banc), with respect to eligibility under the Nar-

* Sitting by designation pursuant to Title 28, U.S.Code, Section 294(d).

cotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251–55 (1970).[1]

The District Judge thereupon committed appellant for observation and report under Title II of NARA.

The NARA staff at Danbury found that appellant was an addict, but concluded that he was not likely to respond affirmatively to the treatment program in use at Danbury. The report urged, however, that appellant should be in a program involving methadone maintenance and individual therapy.[2]

The District Court, without (so far as appears from the record) giving appellant or his counsel notice of the report or an opportunity to be heard with respect to it, ordered appellant recommitted to the Attorney General to continue serving his ten-year sentence. Appellant asserts that this improperly cut off his right to allocution. Without finding it necessary to deal with the matter solely in terms of allocution, we do not view this as a satisfactory way of proceeding when the report came back from Danbury. Had appellant or his counsel been apprised of the contents of the report and been afforded a chance to make rep-

resentations based upon it, it may be that the court would, at the least, have coupled with its sentence a recommendation or request that appellant be afforded treatment. As it is, appellant spent some 15 months in the D.C. jail after his recommitment and has since been at Lorton, in neither case, insofar as we can tell from the record and the representations at oral argument, with opportunity for treatment of his narcotics problem.

We remand for reconsideration of the sentence after notice and hearing with respect to the Danbury report. In so doing, we intimate no views with respect to precisely what other alternatives, if any, are available to the court by way of response to the Danbury suggestions. At oral argument before us, for example, counsel suggested that the nature of the particular program in being at Danbury may perhaps not be taken as defining the range of treatment available under a NARA commitment. In any event, counsel may make such representations upon remand as he believes to be warranted.

It is so ordered.

1. Appellant's other contentions in the appeal presently before us are grounded upon our opinion in *Watson*. They are without merit because of the clear evidence of record that appellant was trafficking in narcotics.

2. The concluding paragraph of the Danbury report is as follows:

> Our staff finds that Mr. Miller is an addict. Because of his needs as he expresses them and his reluctance to participate in the NARA Program, we do not recommend that he be committed for treatment under the Narcotic Addict Rehabilitation Act. Hopefully, some other resource may be found through which Mr. Miller can attempt methadone maintenance and individual therapy. He would appear to be a good candidate for this form of treatment provided fairly close supervision could be established.