BLANCO OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent,

The California Company and Gulf Oil Corporation, Intervenors.

No. 71-1970.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 8, 1972.

Decided Sept. 4, 1973.

---

* Senior Circuit Judge Soboloff heard oral argument, sitting by designation pursuant to 28 U.S.C. § 294(d). He died on July 11, 1973.

George B. Mickum, III, and James L. McHugh, Jr., Washington, D. C., were on the brief for petitioner.

Michael J. Manning, Atty., F. P. C., with whom Gordon Gooch, Gen. Counsel, Lee E. Forquer, Sol., and George W. McHenry, Jr., First Asst. Sol., F. P. C., were on the brief, for respondent. J. Richard Tiano, First Asst. Sol., F. P. C. at the time the record was filed, also entered an appearance for respondent.

Justin R. Wolf, Washington, D. C., was on the brief for California Co.

Warren M. Sparks, Tulsa, Okl., was on the brief for Gulf Oil Corp.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and RICHEY,* District Judge for the District of Columbia.

PER CURIAM:

In this opinion we turn to petitions filed by Blanco Oil Co. and other producer petitioners that relate not to the validity of the provisions of the Federal Power Commission's order considered in the Texas Gulf Coast Area Rate Cases, decided August 24, 1973, but rather to the order's scope and application. The Commission determined the refund liability of producers operating under a permanent certificate during the periods covered by the rate order. Liability was to be measured by the difference between the actual rate charged during these periods and the new "just and reasonable" rates established in the area proceeding. 45 FPC at 720–21. Blanco and the other producer petitioners contended, in a petition for rehearing following the Commission's order, that refund liability for producers who were delivering during the pertinent period under a temporary certificate should also be determined by the difference between the rate charged and the new just and reasonable rates. The Commission rejected Blanco's claims on rehearing, taking the position that the liability in question had been finally determined in prior Commission proceedings, which determined refund liability for producers operating under unconditioned temporary certificates, as the difference between the "in-line" price (not the just and reasonable rate eventually determined) and actual rates charged. The

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1970).

Commission stated that acceptance of Blanco's argument "would require us to withhold refunds until each just and reasonable rate is determined." 46 FPC at 832–33. Similarly, the FPC rejected Blanco's claim that refund liability under temporary certificates should be capable of being discharged through new dedications to the interstate market, as it could be for permanent certificate holders.

■■ While the matter is not entirely free from doubt, we think appropriate principles of law entitle Blanco to consideration by the FPC, which, as we see it, has now been withheld on the ground that the FPC lacked jurisdiction. The principle of finality in administrative proceedings is important. Greater Boston TV v. FCC II, 149 U.S.App.D.C. 322, 463 F.2d 268 (1971). But the touchstone of finality is suitability for judicial review. If Blanco had sought judicial review of the earlier order on the ground that it should be entitled to the same retroactive application of just and reasonable rates in the area proceeding as the producers delivering on permanent certificate, its petition to review would probably have been subject to dismissal as speculative and premature, since at that time no one knew what just and reasonable rates would be prescribed, and whether they would be made retroactive as to anyone. If the petition to review had not been subject to dismissal, it would likely have been subjected to a special procedure, rather than adjudicated. It might have been kept by the court in a suspense docket. Another procedure that might have been followed, in view of doubt as to jurisdiction, would have been a remand to the FPC to await developments. In the interest of justice we think appellant's inaction in the past may likewise be considered as a reasonable way of awaiting developments of a material nature. We express no views on the merits of appellant's claim, but remand so that the FPC may take a look at their claim on the merits.

In considering the merits on remand, the FPC will have to consider the groups Blanco seeks to compare itself with, and in what respect there is a basis for different treatment.

First, there are those who were operating under a permanent certificate during the period that Blanco was under temporary certificate. Presumably many of these producers were either certificated at 18 cents or had filed increases up to 18 cents, either course qualifying them for application of the just and reasonable rates to determine their refund liability. The question arises as to the basis for the distinction that 18 cents ultimately did not give rise to refund liability on their part, whereas it did for Blanco.

There is, of course, a difference between permanent and temporary certificates, in terms of the initial review of the rate. Blanco questions whether this is material in view of the current finding that it would have been just and reasonable in this period to charge higher than 18 cents.

The Commission responds that there is a reasonable rule of law which permits final determination under a temporary certificate based on "in-line price", which the parties accept as a condition of permission to make current deliveries under a temporary certificate, even though they are aware that eventually a higher rate may be set as the just and reasonable rate.

Pretermitting this issue, Blanco points out it is denied the relief granted to a group of producers who never were given a permanent certificate, due to the fact that "in-line price" proceedings were suspended at some point in time, pending completion of the area rate proceedings. See FPC v. Sunray DX, 391 U.S. 9, 39 n. 25, 88 S.Ct. 1526, 20 L.Ed. 2d 388 (1968). We assume from the Commission's area rate order that under its Texas Gulf Coast Area order the refund liability of these producers is measured on the basis of the new "just and reasonable" rates, since it never determined any "in-line" price, or refund liability, for these producers. This means that there may have been producers op-

erating under temporary certificates, during the same time as Blanco, who will receive the benefit of the "just and reasonable rate."

It may be that Blanco's condition warrants a difference in treatment from producers granted relief. But the claim of unreasonable discrimination cannot be rejected for lack of jurisdiction. It is only now, with the retroactive features of the order under review, that this claim comes fully alive. It may be that administrative considerations, or other reasons, will justify the Commission in drawing a distinction between Blanco and the producers receiving the benefit of the "just and reasonable rate." The Commission did not address itself specifically to the merits of petitioners' claims, and our remand will require such consideration.

Remanded for further proceedings not inconsistent with this opinion.