**UNITED STATES of America**

**v.**

**Albert L. HARMON, Appellant.**

**No. 72–1010.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 19, 1973.

Gerald B. Greenwald, Washington, D. C. (appointed by this Court), for appellant.

Peter R. Reilly, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was convicted in the District Court on each of two counts charging, respectively, violations on August 24, 1970, of provisions of the Harrison Narcotics Act[1] and the Jones-Miller Act.[2] Thereafter, pursuant to the Narcotic Addict Rehabilitation Act of 1966 (NARA),[3] appellant was examined at the Federal Correctional Institution at Danbury, Connecticut, for purposes of an evaluation as to addiction and the likelihood of rehabilitation through treatment. The report on the examination confirmed his "life long addiction" but concluded that "he is not adequately motivated to participate *in our treatment program* and is not likely to be rehabilitated *by it* at this time." The letter transmitting the report to the District Court stated similarly that appellant "is not likely to be rehabilitated through treatment *in this program in this institution.*"

At sentencing, appellant explained that "the program [at Danbury] just wasn't geared for my condition." The judge, confronted by the report and the Government's unopposed information alleging earlier narcotic convictions,[4] however, expressed the feeling that his "hands are tied . . .. By passing up that program," the judge said, "you are putting yourself right in a box and I can't get you out of it . . .. I am compelled to impose the minimum mandatory sentence of ten years on each count . . .."[5] Appellant was then sentenced to two concurrent ten-year terms of imprisonment.

On this appeal, appellant originally contended that he was impermissibly prosecuted for possession of narcotics for his own use. He also contended that by reason of the Comprehensive Drug Abuse Prevention and Control Act of

1. 26 U.S.C. § 4704(a) (1964).

2. 21 U.S.C. § 174 (1964).

3. 18 U.S.C. § 4251 et seq. (1970).

4. See 26 U.S.C. § 7237(a), (c) (1964).

5. The judge's obvious reference was to the mandatory minimum terms of imprisonment set by § 174 for violations of that section and by 26 U.S.C. § 7237(b) (1964) for violations of § 4704(a), and to the prohibitions on sentence-suspension and probation levied by 26 U.S.C. § 7237(d) (1964).

1970,[6] which prior to sentencing repealed the sections heretofore mentioned, the judge was free to impose a suspended sentence. As appellant now concedes, the first argument is foreclosed by our decision in United States v. Moore,[7] and the second by the Supreme Court's in Bradley v. United States.[8] We accordingly affirm the convictions.

Appellant also urges, however, that contrary to the trial judge's belief, the unfavorable evaluation report by Danbury did not bar consideration of alternative treatment dispositions under NARA. The Government concurs in that position, and so do we. The report concluded only that it was unlikely that appellant would achieve rehabilitation through the program at Danbury. It reflected little or nothing as to the rehabilitative possibilities of programs elsewhere. The judge left the latter matter unexplored, and thereby—and unfortunately—marred what the record reveals as a conscientious effort to help appellant solve his drug problem.

The judge was not limited to a choice between treatment at Danbury or no treatment at all. NARA expressly calls for a judicial determination as to whether a convicted defendant found to be an addict is "likely to be rehabilitated through treatment."[9] If the determination is in the affirmative, and facilities and personnel therefor are available, a commitment "for treatment under" NARA is required.[10] "Treatment," as defined by NARA, encompasses a wide range of rehabilitative programs and services which by no means are localized at Danbury.[11]

We have declared "that the interest of justice calls for thoroughgoing review of NARA possibilities . . . ."[12] We have approved "a remand following a sentence when there is a possibility that there was a failure to give NARA dispositions full consideration."[13] To the end that adequate consideration may now be forthcoming, we must take that course here.[14]

The judgment of conviction appealed from is affirmed. The sentences imposed thereon are vacated, and the case is remanded to the District Court for reconsideration thereof.

So ordered.

6. 21 U.S.C. § 801 et seq. (1970).

7. 156 U.S.App.D.C. —, 486 F.2d 1139 (1973).

8. 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973).

9. 18 U.S.C. § 4253(a), (b) (1970).

10. *Id.* § 4253(a).

11. *Id.* § 4251(c).

12. United States v. Moore, *supra* note 7, 158 U.S.App.D.C. at —, 486 F.2d at 1205.

13. *Id.* at —, 486 F.2d at 1203.

14. Compare United States v. Miller, 155 U.S.App.D.C. 110, at 111, 476 F.2d 555, 556 (1973); United States v. Hunter, 158 U.S.App.D.C. —, at —, 485 F.2d 1036, at 1036 (1973); United States v. Harrison, 158 U.S.App.D.C. —, at — - —, 485 F.2d 1008, at 1010 (1973); United States v. Marshall, 158 U.S.App.D.C. —, at —, —, 485 F.2d 1062, at 1064-1066 (1973).