**Furnell SEVERIN, Plaintiff–Appellant,**

**v.**

**EXXON CORPORATION, Defendant–Appellee.**

**No. 89–3816.**

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1990.

C. Joseph Murray, Murray Law Firm, New Orleans, La., for plaintiff-appellant.

Patrick E. O'Keefe, Ira J. Rosenzweig, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD and SMITH, Circuit Judges.

CLARK, Chief Judge:

## I.

Furnell Severin (Severin) appeals from a district court order refusing to enforce a supplemental order of default against Exxon Corporation (Exxon) for the payment of a late penalty under the Longshore and Harbor Workers' Compensation Act (LHWCA or Act), 33 U.S.C. §§ 901–950. Because the supplemental order was not entered "in accordance with law" as required by section 18(a) of the Act, 33 U.S.C. § 918(a), we affirm.

## II.

Severin was working for Exxon on an offshore drilling platform when he fell and sustained injuries. Exxon paid Severin workers' compensation benefits under the Act until Exxon believed he could return to work. Severin disputed Exxon's assessment of his ability to work and filed a claim for additional LHWCA benefits. After Exxon filed a notice of controversion, the Deputy Commissioner of the United States Department of Labor referred the case to an administrative law judge (ALJ) for a formal hearing.

The ALJ determined that Severin was entitled to temporary and permanent total disability benefits under the Act and ordered Exxon to pay them. The compensation order listed the gross amounts owed to Severin for back compensation and stated that Exxon "shall receive credit for all com-

pensation previously paid [and] any wages paid to claimant during the period specified...." The order further provided that "[t]he specific dollar computation shall be administratively performed by the Deputy Commissioner." While the order listed the amount of compensation Exxon had previously paid, it did not specify the amount of Exxon's wage credit or the manner in which to calculate it. The compensation order was filed in the office of the deputy commissioner, and copies of the order were mailed to each of the parties.

Exxon filed a timely motion for reconsideration, arguing that the compensation order was indefinite and therefore frustrated Exxon's ability to comply. Severin, who was represented by counsel, did not respond to the motion. Exxon and Severin began negotiations concerning the correct amount of back compensation. The record before this court indicates that initially the parties were in disagreement about the treatment of certain "salary continuation credits" as an element of Exxon's wage credit. Before the ALJ ruled on the motion for reconsideration, Exxon and Severin were able to agree on a stipulation as to the total amount of back compensation due, and Exxon filed a copy of the stipulation with the ALJ. The ALJ accepted the parties' stipulation and dismissed Exxon's motion for reconsideration as moot. Exxon paid the stipulated amount of compensation within ten days of the ALJ's order dismissing the motion for reconsideration.

Several months later, Severin applied for a supplemental order of default from the deputy commissioner, contending that Exxon should pay a twenty percent penalty as provided by section 14(f) of the Act, 33 U.S.C. § 914(f), because Exxon had failed to pay the back compensation within ten days of the filing of the ALJ's original compensation order. The deputy commissioner approved Severin's claim and entered a supplemental order of default for twenty percent of the amount specified in the parties' stipulation.

Severin filed a petition in the district court to enforce the supplemental order under LHWCA section 18(a), 33 U.S.C.

§ 918(a). The district court refused to enforce the supplemental order, stating that the ALJ's original compensation order was not "final and enforceable" until the ALJ accepted the parties' stipulation because the compensation order failed to specify the amount of Exxon's wage credit or provide "a clerical, mathematical method for the deputy commissioner to determine such." The court concluded that since the compensation order was not "final and enforceable" until the stipulation was accepted, and Exxon paid within ten days of that date, the supplemental order declaring a penalty was not entered "in accordance with law" as required by section 18(a) of the Act.

Severin now appeals, contending that the district court exceeded its scope of review in determining whether the compensation order was "final and enforceable." Severin argues that the district court should have limited its review to the lawfulness of the supplemental order of default. Severin argues alternatively that the underlying compensation order was "final and enforceable" and that the deputy commissioner properly imposed the section 14(f) penalty because Exxon failed to obtain a stay of payments from the Benefits Review Board (the Board). We affirm.

### III.

■ Section 14(f) of the Act provides that "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percentum thereof, ... unless [the compensation order is appealed to the Board and the Board issues a stay.]" 33 U.S.C. § 914(f). A compensation order becomes "due" or "effective" when it is "filed in the office of the deputy commissioner as provided in section [19] of the Act." LHWCA § 21(a), 33 U.S.C. § 921(a); *see Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 127 n. 1 (5th Cir.1983). The section 14(f) penalty is self-executing and admits of no equitable exceptions for late payment. *Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217, 1222 (5th Cir.1985).

If the employer or insurance carrier does not comply with a compensation order within the ten day period, the claimant may apply to the deputy commissioner for a supplemental order of default declaring the penalty. *See* LHWCA § 18(a), 33 U.S.C. § 918(a). The deputy commissioner must investigate the claimant's application to determine whether the penalty provision applies, provide notice to interested parties, and give the parties an opportunity for a hearing in the manner specified in section 19 of the Act. *Id.; see also Abbott v. Louisiana Ins. Guaranty Ass'n,* 889 F.2d 626, 629 (5th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990). If the deputy commissioner is satisfied that the compensation order was not paid within ten days of its filing, and the Board has not issued a stay of payments, the deputy commissioner must enter a supplemental order of default. *See* LHWCA § 18(a), 33 U.S.C. § 918(a).

The district court may then enforce the supplemental order at the claimant's request "if such supplementary order is in accordance with law." *Id.* "[A] supplemental order 'is in accordance with law' as required by section 18(a) if the deputy commissioner has correctly followed the procedures outlined above." *Abbott,* 889 F.2d at 629.

Severin argues that the district court erred in refusing to enforce the supplemental order of default because the deputy commissioner gave Exxon notice and the opportunity for a hearing as required by section 19 of the Act. Severin notes that Exxon failed to pay the compensation order within ten days of its filing and did not obtain a stay of payments from the Board. Severin contends that the supplemental order was therefore "in accordance with law" as required by section 18(a). We disagree.

■ While a compensation order generally becomes "due" or "effective" when filed in the office of the deputy commissioner, an order cannot become "effective" or "due" if it is not "a *final* decision and order" of the ALJ. 20 C.F.R. § 702.348 (1989) (emphasis added). To constitute "a final decision and order" of the ALJ, the order must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties. *See id.* ("compensation order shall contain appropriate findings of facts and conclusions of law"); *cf. Blanco Oil v. Federal Power Comm'n,* 485 F.2d 1036, 1038 (D.C.Cir.1973). A compensation order which fails to do so is therefore not final and enforceable and is not subject to a section 14(f) penalty, even if the incomplete order has been filed in the office of the deputy commissioner.

■ In this case, the compensation order provided that Exxon was to receive a credit for wages paid but did not specify the amount of the credit or provide a method for its calculation based on facts contained in the record. As shown by the parties' subsequent negotiations, the amount of Exxon's wage credit was subject to genuine dispute. In the absence of a set figure for Exxon's wage credit, it was impossible for the deputy commissioner to calculate the compensation owed to Severin and for Exxon to comply with the compensation order. The order was therefore not "a final decision and order" which was "due" or "effective," even though it was filed in the office of the deputy commissioner. Since the deputy commissioner erred in concluding that payment was "due" under the compensation order on the date of its original filing and that Exxon was thus liable for a section 14(f) penalty, the supplemental order of default was not entered "in accordance with law," and the district court properly declined to enforce it. LHWCA § 18(a), 33 U.S.C. § 918(a); *see Abbott,* 889 F.2d at 629.

■ Severin disputes this conclusion, contending that the district court exceeded its scope of review in these enforcement proceedings by considering whether the ALJ's compensation order was "final and enforceable." Severin argues that our decision in *Abbott v. Louisiana Insurance Guaranty Association,* 889 F.2d 626 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990), limited

the district court to determining whether the deputy commissioner's supplemental order was entered "in accordance with law," which does not include a review of the underlying compensation order. *See id.* We reject this argument.

In *Abbott,* the Louisiana Insurance Guaranty Association (LIGA) argued that the district court should decline to enforce a supplemental order of default because the ALJ had violated LIGA's right to due process in entering the underlying compensation order. We rejected LIGA's challenge to the supplemental order of default, concluding that "the district court's scope of review in section 18(a) enforcement proceedings is limited to the lawfulness of the supplemental orders ... and does not include the procedural or substantive correctness of the underlying compensation orders." *Id.* at 630. We concluded that the Board was the proper forum for LIGA's challenge to the underlying compensation order. *Id.*

Our decision in *Abbott* is distinguishable from this case because it presupposed that there was "a final decision and order" by the ALJ capable of enforcement or Board review. The compensation order at issue in *Abbott* clearly stated that LIGA was liable for LHWCA benefits and specified the amount of compensation due. When such "a final decision and order" underlies the deputy commissioner's supplemental order of default, and the deputy commissioner has correctly followed the procedures required by section 18(a), the supplemental order is "in accordance with law," and the district court must enforce it, despite the procedural or substantive errors the ALJ may have made in arriving at the underlying compensation order. *Id.*

We stated in *Abbott* that in investigating an application for a supplemental order of default the deputy commissioner's responsibility must determine whether "the payment of compensation [is] due under [an] award of compensation." LHWCA § 18(a), 33 U.S.C. § 918(a); *see Abbott,* 889 F.2d at 630. That determination must include whether the compensation order is "a final decision and order." *See* 20 C.F.R.

§ 702.348 (1989). The district court, in considering whether to enforce the supplemental order, must in turn determine whether the deputy commissioner correctly concluded that payment was due under "a final decision and [compensation] order." *See Abbott,* 889 F.2d at 630. The district court in this case therefore properly considered whether the ALJ's compensation order was "final and enforceable."

We note, however, that the class of compensation orders that are not "final decision[s] and order[s]" of the ALJ is a narrow one. For example, in *Jourdan v. Equitable Equipment Company,* 889 F.2d 637 (5th Cir.1990), we concluded that a supplemental order of default was "in accordance with law," even though the underlying compensation order did not designate which of the employer's insurance carriers was responsible for paying the claimant's benefits. It was enough that the compensation order stated that the employer was liable for benefits and specified the amount of compensation due. *Id.* at 639. We concluded that the employer should have raised the question of which carrier was responsible for payment in proceedings before the Board. *Id.* at 640.

Severin argues finally that Exxon was responsible for its own predicament because it failed to appeal to the Board and seek a stay of the compensation order. *See* LHWCA §§ 14(f), 21(b), 33 U.S.C. §§ 914(f), 921(b). Severin also suggests that Exxon could have provided the deputy commissioner with the information necessary to calculate the wage credit or could have at least paid the undisputed portion of the back compensation award. We reject these contentions.

Once Exxon filed a timely motion for reconsideration of the ALJ's decision, which the regulations indicate Exxon had a right to do, *see* 20 C.F.R. § 802.205A (1987), "any notice of appeal [to the Board] filed prior to the judgment on the motion would have been premature." *Tideland Welding Service v. Sawyer,* 881 F.2d 157, 160 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1922, 109 L.Ed.2d 286 (1990). The Board may not review a timely

compensation order until the ALJ has ruled on a motion for reconsideration. *See* 20 C.F.R. § 802.205(e) (1987). Exxon's motion for reconsideration was also the most expeditious manner to resolve the deficiency in the ALJ's compensation order.

■ Severin correctly notes that Exxon had the burden of proof on the wage credit issue in the proceedings before the ALJ. "The burden of proving disputed facts rests on the one affirming their existence and claiming rights or benefits therefrom." *Marcum v. United States*, 452 F.2d 36, 39 (5th Cir.1971); *see also Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir.1986).

However, Severin cannot now complain of Exxon's failure to introduce evidence of the wage credit. Severin was represented by counsel and had the opportunity to urge the ALJ to deny any wage credit to Exxon or to oppose Exxon's motion for reconsideration on the grounds that Exxon failed to carry its burden of proof. Severin chose not to so urge or respond to the motion. Severin cannot raise the burden of proof issue in these proceedings because it constitutes a challenge to the substance of the ALJ's compensation order—Exxon's entitlement to a wage credit. *See Abbott*, 889 F.2d at 630. In addition, the parties' negotiations showed that a genuine dispute existed about the wage credit, and Exxon could not have resolved the dispute simply by providing its wage information to the deputy commissioner. The record discloses that Exxon did all it could to negotiate an expeditious settlement with Severin and then paid the compensation within ten days of the parties' stipulation. Under these circumstances, Exxon cannot be faulted for the ALJ's failure to specify the amount of the wage credit in the original compensation order. *See* 20 C.F.R. § 702.338 (1989). The district court properly declined to enforce the supplemental order of default.

IV.

The judgment is

AFFIRMED.