United States Court of Appeals,

Fifth Circuit.

No. 93-3674.

Curtis C. KEEN, Plaintiff-Appellant,

v.

EXXON CORPORATION and Petroleum Casualty Company, Defendants-Appellees.

Oct. 18, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before KING and BENAVIDES, Circuit Judges, and LEE,[1] District Judge.

TOM S. LEE, District Judge:

Curtis C. Keen appeals the district court's dismissal of his petition for enforcement of a supplementary order of default issued by a deputy director of the Department of Labor imposing a twenty percent penalty against appellant Exxon Corporation for its alleged failure to timely pay compensation benefits to Keen under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-949. Because we are of the opinion that Exxon paid the award within ten days of the date the underlying compensation order became final and enforceable, the deputy director's supplemental order of default was not "in accordance with law" and was therefore not enforceable by resort to section § 18(a) of the LHWCA, 33 U.S.C. § 918(a). Accordingly, we affirm.

Keen, a former Exxon employee, sustained a work-related injury

[1]District Judge of the Southern District of Mississippi, sitting by designation.

1

in November 1983, for which he filed a claim for compensation benefits under the LHWCA. Exxon controverted his claim and on February 9, 1990, following an evidentiary hearing, a Department of Labor administrative law judge (ALJ) concluded, as reflected in a compensation order signed that date, that Keen was entitled to an award of compensation, with interest, for temporary and permanent disability from and after the date of injury, based on an average weekly wage of $724.95. The order did not state the total amount of compensation to be paid by Exxon and provided, instead, as such orders often do, that "the specific dollar computations shall be administratively performed by the Deputy Commissioner."[2] The order further stated, "[A]ll computations of benefits and other calculations which may be provided for in this Order are subject to verification and adjustment by the Deputy Commissioner."

The ALJ forwarded the compensation order to the deputy director who, on February 16, 1990, filed the order and undertook to send copies of the order to Exxon and its attorney. The copies were accompanied by a notice that the ten-day time period for compliance set forth in section 14(f) of the LHWCA, 33 U.S.C. § 914(f), commenced that date. Exxon received its copy of the order on February 27, 1990,[3] and thereafter, through counsel, began inquiring of the deputy director when the director would complete

_____

[2]The title "Deputy Commissioner" has been changed to "Deputy Director." *See* 20 C.F.R. § 702.105.

[3]Inexplicably, the deputy director mailed the copies of the order to the wrong addresses for both Exxon and its attorney, and the record indicates that Exxon first received its copy of the ruling on February 27, 1990, eleven days after it was filed.

2

the computation of benefits due.  On March 5, 1990, the deputy director furnished the award calculations ordered by the ALJ and within ten days, on March 14, 1990, Exxon paid compensation to Keen in the amount of $63,831.84.

In the interim, Keen filed an application for a supplemental order of default with the deputy director, claiming that Exxon should pay a twenty percent penalty provided by section 14(f) of the LHWCA, 33 U.S.C. § 914(f),[4] for its failure to pay the compensation award within ten days of the February 16 filing of the ALJ's compensation order.  By supplemental order of default filed September 29, 1992, the director found that Exxon's payment had not been timely and awarded Keen an additional $12,766.37, representing twenty percent of Keen's compensation award.

Keen petitioned the district court pursuant to section 18(a) of the LHWCA, 33 U.S.C. § 918(a),[5] for enforcement of the director's supplemental order.  By consent of the parties, the case

---

[4]It is not clear precisely when this request was filed, though it appears that it must have been filed before May 2, 1990, for correspondence from a Department of Labor assistant deputy commissioner of that date referenced "the claimant's request for imposition of the 20% penalty under Section 14(f)."

[5]"Although an order [entered under the LHWCA] "requires' payment, neither an effective order nor a final order has coercive effect.  By statute, a beneficiary may compel the employer to make payments under an order only by initiating a proceeding in district court." *Henry v. Gentry Plumbing & Heating Co.,* 704 F.2d 863, 864 (5th Cir.1983);  *see also* 33 U.S.C. § 918(a) (prescribing procedure for enforcing order by filing suit in district court).  Section 18(a) provides for the enforcement of orders found to be "in accordance with law," and provides for appellate "[r]eview of the judgment ... entered [by the district court] ... as in civil suits for damages at common law."

3

was heard by a magistrate judge who, on cross-motions for summary judgment, refused to enforce the supplemental order.

The LHWCA provides that "[i]f any compensation payable under the terms of an award is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percentum thereof." 33 U.S.C. § 914(f). Compensation "becomes due" when the order awarding compensation becomes effective, which occurs when the order is filed in the offices of the deputy commissioner as provided in 33 U.S.C. § 919(e). 33 U.S.C. § 921. However, this court recognized in *Severin v. Exxon Corp.,* 910 F.2d 286, 289 (5th Cir.1990), that an order "cannot become "effective' or "due' if it is not a "*final* decision and order' of the ALJ." *Severin,* 910 F.2d at 289 (citing 20 C.F.R. § 702.348 (1989)); *see also Bunol v. George Engine Co.,* 996 F.2d 67, 69 (5th Cir.1993) ("A compensation order cannot become "due' if it is not "a final decision and order' of the ALJ."); *Lazarus v. Chevron USA, Inc.,* 958 F.2d 1297 (5th Cir.1992). The magistrate judge concluded that the underlying compensation order issued by the ALJ by its own terms did not become effective as a final order until March 5, 1990, when the deputy director furnished Exxon with the award calculations directed by the order. Exxon's March 14 payment of the compensation award, having been made within ten days of March 5, was therefore timely. Accordingly, the magistrate judge vacated the supplemental order of default as not being "in accordance with law." *See* 33 U.S.C. § 918(a).

In *Severin,* this court explained:

4

> To constitute "a final decision and order" of the ALJ, the order must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties.... A compensation order which fails to do so is therefore not final and enforceable and is not subject to a section 14(f) penalty, even if the incomplete order has been filed in the office of the deputy commissioner.

*Severin,* 910 F.2d at 289. Seizing on this language, Keen argues that while the compensation order filed in the office of the deputy director on February 16, 1990 did not specify the total amount of compensation due him, it did provide the means of calculating the correct amount of the award without resort to any potentially disputed extra-record facts. According to Keen, *Severin* effectively defines a "final and enforceable order" as one from which the requisite calculations can readily be performed without consideration of extra-record facts as to which the parties might not agree. He points out that the magistrate judge even "tend[ed] to agree ... that the calculations were readily available and determinable from [the ALJ's] opinion," and reasons, therefore, that under *Severin,* it necessarily follows that the supplemental order was final and enforceable when filed. Exxon maintains, on the other hand, that the underlying award was not final until the deputy director completed calculating the compensation due as instructed in the ALJ's order.

This court concludes that the magistrate judge properly held that the ALJ's compensation order did not become final until such time as the deputy director furnished the computations dictated by that order. The compensation order, by its terms, required that

5

the deputy director, *not Exxon,* make "the specific dollar computations" of the compensation awarded by the order. Perhaps, as Keen argues, Exxon could easily have made the computation on its own, with little input from the deputy director or resort to other sources. Indeed, the magistrate judge apparently shared Keen's view that the calculations "were readily available and determinable from [the ALJ's] opinion." Nevertheless, because the compensation order explicitly directed the deputy director to perform the "specific dollar computations," the order was not final and enforceable until the deputy commissioner complied with that directive.

This court did hold in *Severin* that an order which neither provides that a specific amount of compensation is due nor includes such information as would enable the employer to calculate the amount due is *not* final and enforceable. *Severin,* 910 F.2d at 289. *Severin* does not hold, though, that the converse is always true. That is, *Severin* does not hold that an order which *does* include this information is necessarily final and enforceable. Whether Exxon *could* have made the calculations, in our view, is not decisive here; rather, what is determinative is the compensation order's explicit directive to the deputy director. The court recognizes, of course, that a central theme of the LHWCA is the quick, inexpensive and prompt enforcement of unpaid compensation awards. *See Lazarus v. Chevron USA, Inc.,* 958 F.2d 1297, 1300 (5th Cir.1992) (quoting *Tidelands Marine Serv. v. Patterson,* 719 F.2d 126, 127 n. 1 (5th Cir.1983)). The penalty prescribed by section

6

14(a) is intended as a means of ensuring the employer's timely compliance with its obligation to pay compensation awards. However, just as the employee is entitled to expect the employer's timely compliance with the obligations imposed upon it by a compensation order, so, too, are the employee and employer entitled to expect the deputy director's performance of the obligations dictated by compensation orders.[6] The magistrate judge, in the court's opinion, properly declined to limit the inquiry to whether the compensation order specified the amount of compensation due or provided the means by which to calculate the amount due and considered, instead, the specific directive contained in that order. The order of the district court is AFFIRMED.[7]

---

[6]It appears that ALJs, perhaps not routinely but at least regularly, include in compensation orders the very language that has given rise to the present controversy. The problem that we have confronted here can readily be avoided by the elimination of such language from future orders, or alternatively, if such language is used, by the setting of a specific time period for the director's performance of the award computation as a means of achieving finality.

[7]Exxon argued in the district court, and argues here that the compensation award was not effective and final because the district director failed to properly notify Exxon of the order by mailing copies to Exxon's last known address in accordance with the procedures set forth in section 21(a) of the Act, 33 U.S.C. § 921(a), and asserted further that the director's supplemental order violated Exxon's right to due process since the director, in violation of the statute and Department of Labor regulations, failed to grant Exxon a hearing prior to entry of that order. This court, as did the district court, finds it unnecessary to reach these issues.