07-3196-ag
*Stetzer v. Logistec of Connecticut, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: September 8, 2008)                    Decided: October 28, 2008)

Docket No. 07-3196-ag

RICHARD STETZER,

 *Claimant-Petitioner*,

 v.

LOGISTEC OF CONNECTICUT, INC., SIGNAL MUTUAL INDEMNITY ASSOCIATION,
DEPARTMENT OF LABOR - BENEFITS REVIEW BOARD,

 *Respondents*.

Before: CABRANES, POOLER, and KATZMANN, *Circuit Judges*.

Appeal from a final decision of the Benefits Review Board regarding an award of workers compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq*. (2003). The prior award of benefits was unenforceable because the amount of compensation could not be determined without an additional ruling on disputed evidence that was not before the original administrative law judge. Under these circumstances, a second administrative law judge properly modified the original benefits award pursuant to 33 U.S.C. § 922. Because the Board's decision on attorney's fees is not final, we do not review it.

Affirmed.

    DAVID A. KELLY, Montstream & May, LLP, Glastonbury, CT**,**
    *for petitioner*.

PETER D. QUAY, Taftville, CT, *for respondents Logistec of Connecticut and Signal Mutual Indemnity Association.*

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Richard Stetzer challenges a final decision of the Benefits Review Board (the "BRB") affirming in part and reversing in part a decision and order of Administrative Law Judge Colleen A. Geraghty. Judge Geraghty's order (1) denied petitioner's request for enforcement of a previous benefits award pursuant to section 914(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (2003) (the "Act"), because the previous award required additional findings before it could be final and enforceable; (2) modified the previous award under 33 U.S.C. § 922; (3) denied petitioner's request to include three payments to a "comparable employee" in his benefits calculation because petitioner could not show that those payments were wages; and (4) granted attorney's fees and costs to petitioner's counsel. The BRB affirmed all but the fourth ruling and vacated the grant of attorney's fees with instructions for a recalculation on remand. We affirm the BRB's decision in all respects except for the attorney's fees, for which the BRB has not issued a final order. We write to clarify the proper legal standard for an administrative law judge ("ALJ") to apply in determining whether a previous benefits award is enforceable.

**BACKGROUND**

In July 2000, petitioner sustained injuries that arose out of and in the course of his employment at respondent Logistec of Connecticut, Inc. ("Logistec"). After approximately ten months of total disability, petitioner returned to work on May 13, 2001 and filed a claim for partial disability compensation under the Act. On August 11, 2003, Administrative Law Judge Daniel F. Sutton awarded petitioner $5,834.17 in temporary partial disability benefits for the period "of May 31, 2001 [sic] through March 28, 2002." Judge Sutton also awarded petitioner ongoing temporary partial disability benefits from March 29, 2002 for a period not to exceed five years. Daniel Haggerty,

petitioner's co-worker, was designated as the "comparable employee." Petitioner appealed Judge Sutton's award on grounds unrelated to the questions before this Court and won additional compensation before the BRB.[1] The BRB noted that Judge Sutton's order was "[i]n all other respects . . . affirmed." On June 23, 2004, while that appeal was pending before the BRB, Logistec paid petitioner $14,998.30 in workers compensation.

On September 20, 2004, one month after the BRB ruled on petitioner's first appeal, petitioner filed notice of an enforcement claim pursuant to 33 U.S.C. § 914(f) with the District Director of the United States Department of Labor, Office of Workers Compensation Programs alleging that Logistec had not complied with Judge Sutton's order as modified by the BRB. The District Director transferred the enforcement claim to an administrative law judge pursuant to 33 U.S.C. § 918(a) because the claim involved a disputed issue of fact—whether three payments to Haggerty, the "comparable employee," totaling $15,750, should have been included in the benefits calculation.

For reasons not stated in the record, the case was reassigned to Judge Geraghty, who treated petitioner's request for an enforcement order under 33 U.S.C. § 914(f) as a request for modification pursuant to 33 U.S.C. § 922. Although Judge Geraghty noted that administrative law judges lack the authority to "enforce" decisions, *see* 33 U.S.C. § 918(a), she nonetheless concluded that "a penalty [wa]s not appropriate" because "it was not possible to determine the amount of compensation due without consideration of extra record facts." Citing case law from the Fifth Circuit, Judge Geraghty noted that in order to constitute an enforceable "final decision and order," an order "must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *See Severin v.*

---

[1] Petitioner argued that Judge Sutton had mistakenly used 33 U.S.C. § 10(c) instead of § 10(a) to determine petitioner's weekly wage; the BRB agreed with petitioner and increased the weekly wage.

3

*Exxon Corp.*, 910 F.2d 286, 289 (5th Cir. 1990); *see also Ledet v. Phillips Petroleum Co.*, 163 F.3d 901, 905 (5th Cir. 1998). Judge Geraghty also ruled against petitioner on his request to include the three disputed payments to Haggerty totaling $15,750 because petitioner had not shown that the payments were part of Haggerty's wages. Finally, Judge Geraghty awarded attorney's fees to petitioner's counsel.

Both petitioner and respondent appealed to the BRB, which upheld Judge Geraghty's order except for the award of attorney's fees. *See Stetzer v. Logistec*, BRB No. 06-0537 (unpublished decision and order, Jan. 31, 2007). Applying the Fifth Circuit's rule that "[a]n administrative law judge's award is not enforceable if it does not adequately state the amount of compensation owed to a claimant," *id.* at 5 (*citing Severin*, 910 F.2d at 289), the BRB agreed with Judge Geraghty that Judge Sutton's award provided inadequate instruction for the calculation of future benefits because it required the parties to consult extra-record facts that were in dispute. The previous order was therefore unenforceable. The BRB also upheld Judge Geraghty's modification of the previous award under 33 U.S.C. § 922, concluding that (1) Judge Geraghty was required to resolve the question of whether the three payments totaling $15,750 were wages, a question that was not resolved by Judge Sutton, and (2) that Judge Geraghty correctly found that Stetzer had not established that the payments were wages. Regarding the attorney's fees, Logistec cross-appealed Judge Geraghty's award of $10,096.93, which was granted in a supplemental decision and order on May 23, 2006. The BRB found that Judge Geraghty did not consider counsel's limited success in light of the amount previously paid to petitioner and therefore vacated the award and remanded to Judge Geraghty for further findings.

On appeal, petitioner argues that Judge Sutton's original opinion was enforceable and that Judge Geraghty's modification was legally erroneous. Petitioner further contends that Judge Geraghty erred in excluding the three disputed payments to the "comparable employee" in the benefits calculation, and that the BRB erred in vacating the award of attorney's fees in light of counsel's limited

4

success at achieving additional compensation.

## DISCUSSION

The Act grants jurisdiction to the Courts of Appeals to "give a decree affirming, modifying, or setting aside, in whole or in part, [an] order of the Board and enforcing same to the extent that such order is affirmed or modified." 33 U.S.C. § 921(c). However, "[o]ur review is limited to whether the BRB made any errors of law and whether substantial evidence supports the ALJ's findings of fact." *Rainey v. Dir., Office of Workers' Comp.*, 517 F.3d 632, 634 (2d Cir. 2008). Decisions of law by the BRB are reviewed *de novo. Universal Mar. Serv. Corp. v. Spitalieri*, 226 F.3d 167, 172 (2d Cir. 2000). The "substantial evidence" standard applied to an ALJ's findings requires us to affirm if "[i]f the decision of the ALJ is supported by substantial evidence, is not irrational, and is in accordance with the law." *Pietrunti v. Dir., Office of Workers' Comp.*, 119 F.3d 1035, 1040 (2d Cir. 1997).

Petitioner argues that Judge Geraghty erred in modifying the previous benefits award under 33 U.S.C. § 922 when the petitioner sought enforcement under 33 U.S.C. § 914(f). We have previously held, and the parties do not dispute, that section 922 of the Act bestows broad power to modify a prior award. *See Jensen v. Weeks Marine, Inc.*, 346 F.3d 273, 276-77 (2d Cir. 2003) (discussing an ALJ's "broad" authority to modify previous benefit awards and holding that an "ALJ is not bound by any previous fact-findings"); *see also O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971) (noting Congressional intent to provide a deputy commissioner with "broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted"). Further, the parties do not dispute that claimants have a statutory right to bring an enforcement action under section 14(f) of the Act, which states: "If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at

5

the same time as, but in addition to, such compensation . . . ." 33 U.S.C. § 914(f). The parties'

disagreement lies at the intersection of these two provisions—whether an ALJ may modify a prior

award where a party seeks enforcement of that award. This is a matter of first impression in this circuit.

Both Judge Geraghty and the BRB cited case law from the Fifth Circuit to support the

modification of Judge Sutton's previous award. In *Severin*, an Exxon employee on an offshore drilling

platform was injured while on the job. 910 F.2d at 287. A dispute arose when Exxon stopped paying

workers compensation benefits after the company decided that the employee was well enough to return

to work. An ALJ found that the employee was entitled to additional compensation, but ordered that

Exxon would receive credit for "all compensation previously paid [and] any wages paid to claimant

during the period specified." *Id.* at 287-88. The ALJ's order noted the amount of compensation Exxon

had previously paid, but assigned the remaining calculations to an employee of the Department of

Labor without specifying "the amount of Exxon's wage credit or the manner in which to calculate it."

*Id.* at 288. Exxon filed a motion for reconsideration on the grounds that the ALJ's order was

"indefinite and therefore frustrated Exxon's ability to comply." *Id.* The parties then agreed on the

amount owed and filed a stipulation with the ALJ, who accepted it and dismissed Exxon's motion for

reconsideration. Severin then sued Exxon in federal district court under 33 U.S.C. § 918(a) for failure

to pay the full amount owed within ten days of the ALJ's original order. The district court ruled for

Exxon, holding that the original compensation order was not "final and enforceable." *Id.*

The Fifth Circuit affirmed, holding that the ALJ's original compensation was not "due," 33

U.S.C. § 914(f), until the compensation order becomes "final," as defined in an agency regulation, 20

C.F.R. 702.348, which provides:

> Within 20 days after the official termination of the hearing as defined by § 702.347, the
>
> administrative law judge shall have prepared a *final decision and order* . . . making an award to

the claimant or rejecting the claim. The compensation order shall contain appropriate findings of facts and conclusions of law with respect thereto, and shall be concluded with one or more paragraphs containing the order of the administrative law judge, his signature, and the date of issuance. (Emphasis added.)

*See Severin*, 910 F.2d at 289. The Fifth Circuit reasoned that an order is not "final" if it does not "at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *Id.* The court noted that even if an order is "filed in the office of the deputy commissioner," 33 U.S.C. § 921(a), it is unenforceable if the terms of payment are left undefined. *Severin*, 910 F.2d at 288. In *Severin*, the Fifth Circuit found that Exxon's wage credit was genuinely in dispute, such that it was "impossible for the deputy commissioner to calculate the compensation owed to Severin and for Exxon to comply with the compensation order." *Id.* at 289. Therefore, Exxon could not be penalized under 33 U.S.C. § 914(f) for failure to pay compensation benefits. Nonetheless, the Fifth Circuit noted that the "class of compensation orders that are not 'final decision[s] and order[s]' of the ALJ is a narrow one." *Id.* at 290.

Several Fifth Circuit opinions have reaffirmed *Severin*. *See Ledet*, 163 F.3d at 905 (finding that ALJ's decision was not "final" where ALJ remanded to a Department of Labor administrator for additional fact finding regarding post-injury wages); *Lazarus v. Chevron USA, Inc.*, 958 F.2d 1297, 1303 (5th Cir. 1992) (holding that ALJ's decision was unenforceable where ALJ remanded to a Department of Labor administrator for calculating "[t]he specific dollar computations" for medical expenses related to the injury without providing a method for determining this amount); *cf. Connors v. Amax Coal Co.*, 858 F.2d 1226, 1228-1229 (7th Cir. 1988) (holding that, under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, "a claimant . . . does not possess a compensation order making

7

an award [ ] that has become final . . . until that party obtains a final administrative determination resolving any dispute as to whether particular expenses are covered expenses" (internal quotation marks omitted)).

We now adopt the Fifth Circuit's test for determining the finality and enforceability of an ALJ's order under 33 U.S.C. § 914(f) and hold that an ALJ's order is not final and enforceable if it does not "specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *Severin*, 910 F.2d at 289.

Under the circumstances of this case, Judge Geraghty properly determined that Judge Sutton's original award was not final and enforceable under 33 U.S.C. § 914(f) because a significant amount of compensation was in dispute and could not be resolved without additional proceedings. Specifically, none of the evidence regarding the three disputed payments to petitioner's "comparable employee"—dated September 17, 2003, February 5, 2004, and October 14, 2004—was part of the record considered by Judge Sutton, who issued his decision and order on August 11, 2003. **[JA at F1]** Therefore, Judge Geraghty properly used the broad power under 33 U.S.C. § 922 to modify the previous award based on her findings regarding the three disputed payments. *See O'Keeffe*, 404 U.S. at 256 (approving of the use of section 922 "to correct mistakes of fact . . . demonstrated by wholly new evidence"); *Jensen*, 346 F.3d at 277 (holding that an "ALJ is not bound by any previous fact-findings").

Regarding petitioner's claim that Judge Geraghty should have included the disputed payments to the "comparable employee" in the benefits calculation, we find no basis in the record to reverse Judge Geraghty's conclusion that the disputed payments were not wages and should not have been included in the benefits calculation. Judge Geraghty identified "substantial evidence," *Rainey*, 517

8

F.3d at 634, that prior to April 4, 2004—when two of the three disputed payments were made—Logistec's payroll system records "include[d] payments that [were] not associated with hours worked." After Logistec changed its payroll system in April 2004, there were multiple payments to both petitioner and the "comparable employee" listed as "Other" instead of "Reg Hours." Judge Geraghty also found that none of the disputed payments to the "comparable employee" had hours associated with them, and that on or around each of the days that the "comparable employee" received a disputed payment, he also received a payment that was linked to a certain amount of hours worked. Judge Geraghty considered the deposition of a Logistec employee who testified that the "comparable employee" served as an officer of Coastline Terminals, an employee-owned company that leased property to Logistec. The witness posited that the disputed payments to the "comparable employee" may have been related to his position on Coastline's board of directors. Based on these findings and the lack of additional evidence from petitioner, Judge Geraghty determined that petitioner had not shown that the disputed payments were wages that should have been included in petitioner's benefits calculation. Under these circumstances, we cannot say that Judge Geraghty's decision lacked substantial evidence, was irrational, or was not in accordance with the law. *See Pietrunti*, 119 F.3d at 1040.

Finally, we turn to the BRB's decision to vacate the award of attorney's fees under 33 U.S.C. § 928(a), which authorizes attorney's fees to a claimant's attorney where "the employer . . . declines to pay any compensation . . . on the ground that there is no liability for compensation . . . and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim." *See also* 20 C.F.R. § 702.132 (An attorney's fee must be "reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded."). At

9

the time of the hearing before Judge Geraghty, Logistec had already paid petitioner $14,998.30 in temporary partial disability benefits for the period between March 29, 2002 and June 10, 2004 pursuant to Judge Sutton's original benefits award. That payment exceeded the total benefits owed to petitioner under Judge Geraghty's calculations—$12,720.98. Therefore, the BRB determined that petitioner "gained no additional benefits for the period between March 29, 2002, and January 15, 2005." The BRB acknowledged that petitioner's counsel achieved an increase in the amount of weekly benefits of $2 to $4 per week, but found that this amount was "minimal" and did not support the award of $10,096.93 in attorney's fees. Consequently, the BRB remanded the matter to Judge Geraghty for further findings.

In light of the remand, the BRB's disposition is not final regarding the attorney's fees and, to date, Judge Geraghty has not issued a revised order. We therefore do not reach the question put before us regarding the appropriateness of the BRB's remand for further consideration.[2] *See Honeywell Int'l, Inc. v. Purolator Prods. Co.*, 468 F.3d 162, 164 (2d Cir. 2006) (holding that an order awarding attorney's fees and costs is not final until the amount of fees and costs has been set by the district court); *Abrams v. Interco, Inc.*, 719 F.2d 23, 27 (2d Cir. 1983) (holding that "a judgment on the merits in favor of a plaintiff is a final judgment under 28 U.S.C. § 1291 even though statutory attorney's fees remain undetermined"); *accord Nacirema Operating Co. v. Lynn*, 577 F.2d 852, 853 n.1 (3d Cir. 1978) (per

---

[2] We note that, although this Court has not addressed the issue of whether attorney's fees may be discounted by the amount of compensation benefits previously paid by an employer, other Courts of Appeals have upheld the BRB's requirement that prior payments should not be included as part of the "amount of benefits awarded," 20 C.F.R. § 702.132. *See Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 991 F.2d 163, 166 (5th Cir. 1993) (holding that, under 33 U.S.C. § 928(a), attorney's fees are payable only where "claimant's attorney successfully prosecutes a claim," and determining that "a fee award tailored to [a claimant's] limited success should be set"); *Dir., Office of Workers' Comp. Programs v. Baca*, 927 F.2d 1122, 1124 (10th Cir. 1991) ("The clear and unambiguous language of [33 U.S.C. § 928(a) and 30 U.S.C. § 932(a)] compels only one interpretation: attorneys fees may be recovered only if the claimant receives increased compensation or other benefit from the action."); *Gen. Dynamics Corp. v. Horrigan*, 848 F.2d 321, 324-325 (1st Cir. 1988) (interpreting 33 U.S.C. § 928(a) in light of legislative history indicating that "[a]ttorneys fees . . . are to be based on the amount by which the compensation payable is increased as a result of the litigation") (internal citations omitted).

curiam) (concluding that where remaining issues were settled but attorney's fees were remanded for reconsideration, an order of the BRB was otherwise final).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the final decision of the BRB.