Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Plaintiff,

v.

BARNES AND TUCKER COMPANY, Defendant.

Civ. A. No. 76–577.

United States District Court, W. D. Pennsylvania.

May 25, 1977.

Ronald E. Meisburg and Frank A. White, U. S. Dept. of Labor, Washington, D. C., for plaintiff.

Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for defendant.

## OPINION

JOHN L. MILLER, District Judge.

In September of 1973 Boyd A. Shaffer filed a claim for Black Lung benefits pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* (Supp. V, 1975) (Coal Act). Because Barnes and Tucker Company (Company) controverted its liability for paying said benefits an administrative hearing was held on January 9, 1975 at which time the parties to this action were present with counsel along with Shaffer and his counsel. We need not go into the facts adduced at that hearing. Suffice it to say that the Hearing Officer issued a decision granting Shaffer compensation for total disability due to pneumoconiosis. That decision, supported by factual findings and legal conclusions favorable to Shaffer, resulted in an order, dated April 2, 1975, that may be summarized as follows:

1) The Secretary of Labor (Secretary) is to pay Shaffer a lump sum benefit for the last four months of 1973 less any prior payments, but with 6% interest from the date due to the date paid;

2) The Barnes and Tucker Company (Company) is to pay benefits after January 1, 1974 with the amount then due (*i. e.,* on April 2, 1975) to be paid in a lump sum computed with interest to the date of payment, providing that, if the Secretary made payments after December 31, 1973 Barnes and Tucker is to reimburse the Secretary an amount equal to said payments with interest; and

3) Barnes and Tucker is to furnish Shaffer with medical treatment and related services pertinent to his disability.

On April 11, 1975 Edmond J. F. Fitzpatrick, Deputy Commissioner of the Department of Labor, filed and served the above mentioned decision and order [20 C.F.R. § 720.289 (1976)]. Pursuant to a request by the Deputy Commissioner the Hearing Officer amended that order on May 5, 1975 so as to delete any reference to interest in paragraph No. 1 summarized above. On May 21, 1975 the Deputy Commissioner again filed and served the decision and order of April 2, 1975, as amended. Barnes and Tucker did not appeal the Hearing Officer's decision and order to the Benefits Review Board as provided under the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(a) and (b) (Supp. V, 1975) (Longshoremen's Act); nor has it ever paid to the Secretary the amount deemed payable under the reimbursement provision of paragraph No. 2 of the order or otherwise

complied therewith. These are undisputed facts.[1]

The Company's inaction prompted this lawsuit by the Secretary who seeks to enforce the compensation order against the defendant. This suit is authorized by section 21(d) of the Longshoremen's Act, as amended, 33 U.S.C. § 921(d) (Supp. V, 1975), as incorporated by § 422(a) of the Coal Act, as amended, 30 U.S.C. § 932(a) (Supp. V, 1975). The Secretary prays for an order enjoining defendant from failing and refusing to comply with the administrative decision and order; plaintiff also seeks reimbursement for the sums the Department of Labor has paid to Shaffer on the Company's account, with interest as accrued.[2]

The case is before the Court on the Secretary's Motion for Summary Judgment. There being no material issue of fact in dispute we find that plaintiff is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons expressed below we shall grant the motion.

## DISCUSSION

The Company defends this suit, and resists the instant motion, on two grounds which may be summarized as follows: First defendant contends that it is not an "operator" within the meaning of the Coal Act, 30 U.S.C. § 802; therefore, it is urged that (a) the regulation [20 C.F.R. § 725.302 (1976)] upon which that determination was based is a nullity, and/or (b) the manner in which that regulation was applied imposed liability without due process of law.

Secondly defendant contends that Shaffer's claim was barred by the limitations period found in § 422(f)(2) of the Coal Act. 30 U.S.C. § 932(f)(2) (Supp. V, 1975); therefore, since the Hearing Officer had no jurisdiction to hear the claim the Decision and

Order of April 2, 1975 is null and void and, hence, unenforceable.

The pivotal question we must answer is whether the Company can raise these questions in an enforcement proceeding. We begin our discussion with these observations. The question of whether the Company is an "operator" under the Coal Act and relevant regulations was raised and decided against the Company at the administrative level. *See* Decision and Order at pp. 11–14, attached to the Complaint. Also the question of whether section 422(f)(2) of the Coal Act barred the claim as untimely filed was resolved in claimant's favor. *Id.* at pp. 8–11.

The Longshoremen's Act provides that a compensation order becomes effective when filed in the office of the Deputy Commissioner and, unless action is taken to set it aside, the order becomes final after thirty days. 33 U.S.C. § 921(a) (Supp. V, 1975). Before the 1972 amendments to this statute, a compensation order could be suspended or set aside through injunction proceedings in the appropriate district court. 33 U.S.C. § 921(b) (1970).[3] However, after the amendments, jurisdiction to review these orders became vested solely in the newly created Benefits Review Board (Board) which is "authorized to hear and determine appeals raising a substantial question of law or fact" which bears on the merits of a claim asserted under the Longshoremen's Act. 33 U.S.C. § 921(b)(3) (Supp. V, 1975). Not only did Congress remove *review* of these compensation orders in the first instance from the district courts, it was no doubt the legislative intent to completely oust such jurisdiction from the district courts. For as subsection (c) states:

Any person adversely affected or aggrieved by a final order of the Board may

---

1. The factual summary is derived from the plaintiff's motion for summary judgment and affidavit and exhibits attached thereto along with the exhibit attached to the complaint, and Addendum "B" to Defendant's Brief In Opposition To Enforcement of The Workmen's Compensation Order.

2. The Company is claimed to owe the Department of Labor $6,962.49 as of October 31, 1976. *See* Fitzpatrick Affidavit of Nov. 8, 1976.

3. *See Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs,* 542 F.2d 602, 605 n. 2 (3 Cir. 1976).

obtain a *review* of that order in the *United States court of appeals* for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. . . . 33 U.S.C. § 921(c) (Supp. V, 1975). (Emphasis added.)

Clearly this court has no jurisdiction to *review* the administrative decision and order of April 2, 1975.

■ In fact under the 1972 amendments this Court's jurisdiction is limited to *enforcement* proceedings authorized by § 921(d) which provides in whole:

If any employer or his officers or agents fails to comply with a compensation order making an award, that has become *final*, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the United States District Court for the District of Columbia if the injury occurred in the District). If the court determines that the order was *made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith,* the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d) (Supp. V, 1975) (emphasis added). Because this is an enforcement suit it is abundantly clear to this Court that the only issues before us are those raised by the language emphasized above.

There is no question that the Company has refused or otherwise failed to comply with a compensation order that reached finality in June of 1975. We further perceive no factual dispute with respect to whether the order is a lawful one. However the Company does rely on the language "that the order [be] made and served in accordance with law" to argue that the statute

provides this Court with "review" jurisdiction. The Company misconstrues the language of § 921(d).

Apart from our observation that such a construction would render § 921(b) and (c) superfluous, if not meaningless, it is quite clear from reading § 921 *in toto* that provision is made for two types of review; one in the context of enforcement and one in the context of appeal. Defendant seems to confuse the two.

■ The very questions defendant seeks to raise in this proceeding are matters which have been already adjudicated before the Hearing Officer. In attempting to litigate these questions again, and desiring the result of overturning the administrative order, it is obvious that the Company seeks plenary review of that order. Such review is expressly provided for in § 921(a):

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, *unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section,* shall become final at the expiration of the thirtieth day thereafter. (Emphasis added.)

Subdivision (b) is headed in part:

*Benefits Review Board;* * * * *questions reviewable;* . . ..

Subsection (b) as earlier indicated, provides for "appeals" of compensation orders to be heard by the Benefits Review Board. And, of course, an adverse ruling at that level can be further reviewed in the court of appeals as provided for by subsection (c).

In contradistinction subdivision (d) is headed in part:

*District court; jurisdiction; enforcement of orders;* * * * *process for compliance with orders.*

Nowhere in that heading or the statutory language quoted in full above, do the words "review" or "appeal" appear. Moreover, a district court under § 921(d) can only *enforce* an order; it may not affirm, modify, suspend or set aside an order. Plenary review goes hand in hand with the power to

invalidate, a power not accorded to district courts in enforcement proceedings.

It is clear from the statutory scheme that our *enforcement* powers under § 921(d), not being broadly defined as compared to the strict *review* powers of the board and court of appeals under § 921(b) and (c), are not of substantive dimension. That is to say § 921(d) reposes in this court the responsibility of screening compensation orders for procedural defects—and thus affording responsible employers a measure of procedural due process—before enforcement can be effected.

For example if the order *sub judice* were not properly served as mandated by § 921(a), we could not exercise our limited power to enforce it. We are not imbued with the power to modify or otherwise set it aside. The extent of our "review" under § 921(d) is to determine not whether the *order* is in accordance with law but rather whether it was *made* and *served* in accordance with law. Under the facts of record we find that it was.

An appropriate order shall issue.