Kenneth E. THOMPSON, Plaintiff-Appellant,

v.

**POTASHNICK CONSTRUCTION COMPANY, Defendant-Appellee.**

No. 86–5656.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1987.

Decided March 12, 1987.

Newton R. Brown, Wilmington, Cal., for plaintiff-appellant.

Michael J. Rodriguez, Hermine Daniels, San Pedro, Cal., for defendant-appellee.

Before FERGUSON, BOOCHEVER and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Kenneth E. Thompson, a deckhand for Potashnick Construction Company (Potashnick), appeals from the district court's dismissal of his application for enforcement of an order for attorney's fees awarded by an administrative law judge (ALJ) after Thompson won a compensation claim against Potashnick under the Longshore and Harbor Workers' Compensation Act (Longshore Act or Act), 33 U.S.C. §§ 901–950. Potashnick appealed the compensation award to the Benefits Review Board (BRB) but did not appeal the attorney's fees order. It paid the compensation award before determination of the appeal, but refused to pay the attorney's fees. Thompson applied to the district court for enforcement of the attorney's fees order. The district court denied the application for attorney's fees because the administrative appeal of the compensation award was pending and therefore the application was premature.[1] We affirm.

## I. APPELLATE JURISDICTION

We must first decide whether a district court's dismissal without prejudice of a petition to enforce a Longshore Act attorney's fees order is final and appealable under 28 U.S.C. § 1291 when the decision on the merits of the underlying compensation award is on appeal to the BRB. We hold that appellate jurisdiction exists under such circumstances.

The Longshore Act is a worker's compensation plan under which employers subject to the Act are required, within statutory limits, to compensate their employees for job-related injuries or deaths. 33 U.S.C. § 904. Claims are filed with the deputy commissioner, id. § 919(a), and disputes requiring a hearing are referred to ALJs, id.

---

1. Thompson filed the application for attorney's fees under the docket number of a related dismissed action brought by Thompson against Potashnick in the district court. The district court cited the docketing error as an alternative ground for dismissal because the enforcement action was not properly before the court. Because we affirm the district court's dismissal on the ground of prematurity, we need not reach this issue.

§ 919(d). The ALJ makes findings of fact and conclusions of law, and issues compensation orders as appropriate. 20 C.F.R. § 702.348. The Act provides for internal appellate review to the BRB, 33 U.S.C. § 921(b), upon timely appeal, 20 C.F.R. § 702.393. Final orders of the BRB are reviewable by the United States Courts of Appeals. 33 U.S.C. § 921(c).

■ The role of the United States District Courts in this scheme is limited. The district court has jurisdiction to enforce an order made and served in accordance with law if the employer has failed to comply. 33 U.S.C. § 921(d). The district court cannot affirm, modify, suspend or set aside the order. *Marshall v. Barnes & Tucker Co.*, 432 F.Supp. 935, 938 (W.D.Pa.1977). Unlike the BRB and court of appeals, the district court has no jurisdiction over the merits of the litigation. Its jurisdiction is limited to screening for procedural defects. *Id.* at 939.

This court may review only final orders on direct appeal from the BRB. *See* 33 U.S.C. 921(c); *National Steel & Shipbldg. Co. v. Director, Workers' Compensation*, 626 F.2d 106, 107–08 (9th Cir.1980); *Newpark Shipbldg. & Repair, Inc.*, 723 F.2d 399 (5th Cir.), *cert. denied*, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984). Here, however, claimant brought his petition to the district court for enforcement, and our analysis must focus on the finality of the action in the district court.

Generally the grant or denial of interim attorney's fees by a district court pending litigation on the merits is not a final appealable order for purposes of 28 U.S.C. § 1291. *See, e.g., Morgan v. Kopecky Charter Bus Co.*, 760 F.2d 919, 921 (9th Cir.1985) (order denying interim attorney's fees under 42 U.S.C. § 2000e–5(k) not appealable); *Hastings v. Maine-Endwell Cent. School Dist.*, 676 F.2d 893, 895 (2d Cir.1982) (order granting interim attorney's fees under 42 U.S.C. § 1988 not appealable if underlying claim for damages is pending in district court); *Hain Pure Food Co. v. Sona Food Prod. Co.*, 618 F.2d 521 (9th Cir.1980) (denial of request for attorney's

fees in trademark infringement action is not appealable if the final judgment has not been entered because damages issue is undecided).

■ Under the Longshore Act, however, the district court's jurisdiction extends only to the *enforcement* of compensation orders; it neither grants nor denies the underlying claims or attorney's fees awards. We have appellate jurisdiction because the district court has dismissed the entire action before it. *See, e.g., Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1528 (9th Cir.1985) (district court's order that dismissed petition to compel arbitration is appealable as a final order because it completely and finally disposed of the only claim before that court). That the dismissal is without prejudice and the litigation may be renewed does not affect its appealability under 28 U.S.C. § 1291. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985).

## II. ENFORCEMENT OF ORDER

■ The district court dismissed Brown's application for enforcement of attorney's fees because it found the application premature. In support of the district court's action, Potashnick argues that it is not liable for the attorney's fees award until the merits of the compensation award are finally decided. A compensation order is final thirty days after it is filed, unless appealed. 33 U.S.C. § 921(a). An attorney's fees order shall "be paid directly by the employer or carrier to the attorney for the claimant in a lump sum *after the compensation order becomes final.*" 33 U.S.C. § 928(a) (emphasis added). Because the compensation award is not final until the appeal has been determined, the attorney's fees order is not enforceable under section 928(a) during the pendency of the appeal of a compensation award. *Julius Bruce*, BRB Nos. 79–150 & 79–375, 12 Ben. Rev.Bd.Serv. (MB) 65, 69 (1980), *aff'd on other grounds, Atlantic Marine Inc. v.*

*Bruce,* 661 F.2d 898 (5th Cir.1981).[2] Thompson argues that because Potashnick did not appeal the order of attorney's fees, the order became final and enforceable by the district court. "If the *compensation order* is appealed, the award of attorney's fees is enforceable only after the appellate process is finished, at which time the entire compensation order can be enforced in federal district court pursuant to ... 33 U.S.C. § 921(d)." *Id.* at 69 (emphasis added). The attorney is only entitled to his fees under the Longshore Act if his client has obtained a final compensation award. 33 U.S.C. § 928(a). Therefore, by appealing the compensation order, Potashnick made its liability for attorney's fees dependent upon the results of its appeal.

▮ Thompson next argues that even if the attorney's fees award is not final, it is payable immediately pending appeal. Under 33 U.S.C. § 921(b)(3) "payment of the amounts required by an award shall not be stayed pending final decision ... unless irreparable injury would otherwise ensue to the employer or carrier." Section 921(b)(3) does not apply to attorney's fees orders. To require immediate payment would "make a hash of the statute," *Wells,* 693 F.2d at 665, by rendering superfluous section 928(d) authorizing payment when the compensation award is final. Moreover, the ameliorative purpose of section 921(b)(3) is to protect an injured worker from being forced, due to illiquidity, into settling for much less than the true value of his claim; the section is not meant to assure the worker's attorney an early fee. *Id.*

Thompson argues persuasively that the amount of his fee is diminished over time by lengthy appeals, and he is unfairly penalized to the extent that he is denied interest. The BRB has held that consideration of delayed payment of attorney's fees is not appropriate to increase the fees because such risk of loss and delay of payment are common in Longshore Act cases and are incorporated in the normal hourly rate charged by counsel. *John R. Hobbs,*

BRB No. 84–2868, 18 Ben.Rev.Bd.Serv. (MB) 65, 67 (1986). Whether the BRB is correct in that determination is not before us, and we decline to decide the question.

### CONCLUSION

The district court was correct to dismiss the application for enforcement of attorney's fees on the ground of prematurity. We AFFIRM.

---

**2.** Nor is the attorney's fees award final if the attorney's fees alone are appealed. *See Wells v.* *International Great Lakes Shipping Co.,* 693 F.2d 663, 665 (7th Cir.1982).