IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40323

_____

ERNEST ETIENNE,

Plaintiff,

EAGLE PACIFIC INSURANCE COMPANY,

Intervenor Plaintiff-Appellant,

versus

SHELL OIL COMPANY, ET AL.,

Defendants,

SCHECHTER, MCELWEE & SHAFFER, L.L.P.,

Intervenor-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-00-CV-196)
--------------------
March 17, 2003

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Intervenor-Appellant Eagle Pacific Insurance Co. ("Eagle")
appeals from the district court's order enforcing its previous
order requiring Eagle to pay the proceeds of a Longshore and Harbor
Worker's Compensation Act ("LHWCA") settlement to the claimant's
attorney's law firm, Intervenor-Appellee Schechter, McElwee &

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shaffer ("Shaffer"). After the district court's original order was entered and the Department of Labor approved the LHWCA settlement, Eagle paid the funds directly to the injured worker, Plaintiff Ernest Etienne, rather than to Shaffer. Returning to the district court, Shaffer obtained an order directing Eagle to pay counsel irrespective of the payment to Etienne. Eagle now claims that the district court lacked subject matter jurisdiction to order the payment to Shaffer. Agreeing with Eagle, we vacate the order of the district court.

## I

### Facts and Proceedings

Etienne was injured while working as a galleyhand aboard an offshore oil rig owned by Shell Oil Co. and staffed by Philip/Seco Industries Inc. He sued Shell and Philip/Seco under § 5(b) of the LHWCA.[1] Eagle, as worker's compensation carrier for Etienne's employer, intervened to assert a lien for compensation payments that it had made to Etienne. The tort suit settled for a total of $140,000: Philip/Seco agreed to contribute $125,000 to settle the tort claim; Eagle agreed to contribute $15,000 to settle the longshore claim in exchange for a waiver of its lien; and Defendant Shell Oil Co. was dismissed from the suit with prejudice.

After the parties agreed to be bound by the settlement, Etienne had second thoughts and refused to sign the settlement papers. Philip/Seco filed a motion to enforce the settlement, and

---

[1] See 33 U.S.C. § 905(b)(allowing suits in negligence against third parties by workers covered by the LHWCA).

Shaffer intervened to assert an attorney's fees claim. At the hearing, the court enforced the settlement agreement by ordering Etienne to sign all the necessary documents. To expedite Etienne's receipt of settlement funds, the court ordered Shaffer to pay Etienne his total recovery for both the tort and longshore claims from the tort settlement. And, to ensure that Shaffer would receive the attorney's fees, the court ordered Eagle to pay the longshore settlement directly to Shaffer.

After the Department of Labor approved the LHWCA settlement, which prohibited payment of attorney's fees from the proceeds of the settlement, Eagle paid the funds directly to Etienne. That prompted Shaffer to file a motion to enforce the court's order for Eagle to pay Shaffer, and the court granted this motion. Eagle responded with a motion to reconsider, which the court denied. The district court then certified its order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, thereby conferring appellate jurisdiction.[2]

**II**

**Analysis**

A district court's exercise of subject-matter jurisdiction is subject to plenary review at any time.[3] Parties cannot confer subject-matter jurisdiction on a federal court by agreement or by

---

[2]   See 28 U.S.C. §1291.

[3]   See Local 1351 Int'l Longshoremen's Ass'n v. Sea-Land Serv. Inc., 214 F.3d 566, 569 (5th Cir. 2000), cert. denied sub nom., SL Serv., Inc. v. Office & Prof'l Employees Int'l Union, 531 U.S. 1076 (2001)("We exercise plenary, de novo review of a district court's assumption of subject matter jurisdiction.").

3

failure to object to continued proceedings.[4]    There must be a statutory basis for a district court's exercise of subject-matter jurisdiction; the parties' willingness or desire to come before the court will not suffice.

The LHWCA was designed to minimize the need for litigation as a means of providing compensation for injured workers.[5]  In pursuit of this aim, Congress granted the Department of Labor exclusive jurisdiction to adjudicate claims under the LHWCA.[6]   The 1972 amendments to the LHWCA reduced the role of the district courts to two functions:   (1) determining whether a compensation order was made and served in accordance with law; and (2) determining whether an employer has failed to comply with a compensation order.[7]

Under this statutory scheme, federal district courts have jurisdiction over the enforcement of LHWCA awards, but do not have jurisdiction to grant or deny awards (including attorney's fees) or to modify such awards in any way.[8]   Here, the district court ordered Etienne to sign the tort settlement release and the 8(i)

---

[4]   "[T]he subject-matter jurisdiction of a federal court can be challenged at any stage of the litigation (including for the first time on appeal), even by a party who first invoked it."   In re Canion, 196 F.3d 579, 585 (5th Cir. 1999).

[5]   See Rodriguez v. Compass Shipping Co., Ltd., 451 U.S.596 (1981), rehearing denied, 453 U.S. 923.

[6]   See 33 U.S.C. § 905(a)(providing that LHWCA employer liability is exclusive); 33 U.S.C. § 919(a)("[T]he deputy commissioner shall have full power and authority to hear and determine all question in respect of [a LHWCA] claim.").

[7]   See 33 U.S.C. §§ 918(a), 921(d).

[8]   Thompson v. Potashnick Const. Co., 812 F.2d 574, 576 (9th Cir. 1987); see 33 U.S.C. § 921(e).

application, and ordered Eagle to make the LHWCA check payable to Shaffer. Requiring the LHWCA check be made payable to a particular payee might have enforced the contingency fee agreement between Etienne and Shaffer, but it could not enforce the LHWCA settlement: The district court's order was filed before the settlement was approved by the Department of Labor. Until a settlement is approved, the employer (through its insurer) is not obligated to pay the claimant.[9] A court cannot enforce an obligation that does not exist.

Given the limited role of federal district courts in the LHWCA statutory scheme, the court here exceeded its subject-matter jurisdiction when it ordered the particular distribution of Etienne's award. As a district court has no ability to shape or structure a LHWCA settlement, the court here was without jurisdiction to order Eagle to pay Shaffer in satisfaction of the debt owed by Etienne.

The district court's order was intended to expedite payment to Etienne and thus further the LHWCA's purpose of providing prompt compensation to injured workers. Despite this laudable purpose, the court lacked jurisdiction to order Eagle to pay Etienne's counsel. That this apparently resulted in double recovery for Etienne is regrettable; but, even though the court had jurisdiction to order Shaffer to pay Etienne, it did not have jurisdiction to order Eagle to pay Shaffer. We have no choice, therefore, but to

---

[9]  33 U.S.C. § 908(h).

5

vacate the latter order for lack of subject matter jurisdiction, which only Congress can confer.

**III**

**<u>Conclusion</u>**

The district court's order for Eagle to pay Shaffer is vacated for lack of subject-matter jurisdiction.

ORDER VACATED.

H:\OPINIONS\02-\doright.wpd
4/29/04  12:01 pm
