Tom OLSEN, Plaintiffs—Appellants,

v.

**TRIPLE A MACHINE SHOP, INC.,** **Defendant—Appellee,**

and

**Office of Worker's Compensation** **Programs, Defendant.**

No. 02–15112.

D.C. No. CV–01–03354–BZ.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Tom Olsen appeals pro se the district court's judgment dismissing his action alleging failure to comply with a Department of Labor ("DOL") compensation order entered in 1982, after Olsen was injured while employed by Triple A Machine Shop, Inc. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *United Dairymen of Ariz. v. Veneman,* 279 F.3d 1160, 1163 (9th Cir.2002), we affirm.

The district court properly concluded that it lacked jurisdiction over this action under the Longshore and Harbor Workers' Compensation Act because, in effect, Olsen sought to modify, rather than enforce, the DOL compensation orders. *See* 33 U.S.C. § 921(d); *Thompson v. Potashnick Constr. Co.,* 812 F.2d 574, 576 (9th Cir.1987) (holding that a district court lacks jurisdiction to "affirm, modify, suspend or set aside the order").

Contrary to Olsen's contention on appeal, he was not entitled to file a "whistle blower" complaint under the Energy Reorganization Act. *See* 42 U.S.C. § 5851(b) (setting out the administrative procedure for filing a retaliation suit).

All pending motions are denied.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.