**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY GRIMM,<br>      *Plaintiff-Appellant*,<br><br>v.<br><br>VORTEX MARINE CONSTRUCTION;<br>SIGNAL MUTUAL INDEMNITY<br>ASSOCIATION; ACCLAIM RISK<br>MANAGEMENT, INC.; EDWARD PAUL<br>MARTIN; DALE ANN MARTIN;<br>CASSANDRA LANE,<br>      *Defendant-Appellee.* | No. 18-15104<br><br>D.C. No.<br>3:17-cv-03103-EDL<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted March 12, 2019
San Francisco, California

Filed April 16, 2019

Before: William A. Fletcher, Paul J. Watford,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz;
Concurrence by Judge Watford

# SUMMARY[*]

## Labor Law

The panel affirmed the district court's dismissal of an action seeking enforcement of a Department of Labor order requiring payment of a worker's future medical expenses under the Longshore and Harbor Workers' Compensation Act.

A Department of Labor administrative law judge ordered the worker's employer to pay for medical expenses arising from his work-related injuries and to provide treatment going forward. The worker alleged that the employer refused to pay for required medical treatment and he was therefore forced to rely on Medicare to pay his expenses. He sought enforcement of the ALJ's order and also asserted a claim under the Medicare Secondary Payer Act, seeking double damages for the amounts Medicare paid for the services.

The panel held that the district court lacked subject matter jurisdiction to enforce the ALJ's order because the order was not final, as required by 33 U.S.C. § 921(d). Joining other circuits, the panel held that to be "final" for purposes of § 921(d), an order must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel affirmed the district court's conclusion that the worker's claim under the Medicare Secondary Payer Act was premature.

Concurring, Judge Watford agreed that the district court lacked jurisdiction to hear the Longshore Act claim. He wrote that 33 U.S.C. § 921(d) limits the jurisdiction of the district court to enforcing "compensation orders," and the portion of the ALJ's order directing the employer to pay future medical expenses was not a compensation order within the meaning of the Longshore Act.

## COUNSEL

Lara D. Merrigan (argued), San Rafael, California; Paul Myers and Eric A. Dupree, Coronado, California; for Plaintiff-Appellant.

David L. Doeling (argued), Aleccia & Mitani, Long Beach, California, for Defendants-Appellees.

## OPINION

HURWITZ, Circuit Judge:

The central issue in this case is whether a Department of Labor order requiring payment of a worker's future medical expenses was sufficiently "final" to support a judicial enforcement action under the Longshore and Harbor Workers' Compensation Act ("Longshore Act") and a double damages claim by the worker against the employer under the Medicare Secondary Payer Act ("MSP"). The district court found the order was not final and dismissed the

worker's complaint. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and affirm.

## I

## A

Terry Grimm worked 32 years as a pile driver for several employers, including Vortex Marine Construction. After leaving work, Grimm filed a claim against Vortex under the Longshore Act, 33 U.S.C. § 901, *et seq.*, seeking workers' compensation and medical benefits. A Department of Labor administrative law judge ("ALJ") found that Grimm had sustained work-related injuries while employed by Vortex. The ALJ therefore ordered Vortex to "pay or reimburse the Claimant for all medical expenses arising from the Claimant's work-related injuries," and to "provide treatment going forward, including the diagnostic procedures and therapies his treating physicians judge appropriate." The Benefits Review Board ("BRB") affirmed the ALJ's order. Vortex petitioned this Court for review of the BRB decision, but withdrew the petition.

## B

In this action, Grimm alleges that Vortex refused to pay for required medical treatment and he was therefore forced to rely on Medicare to pay his expenses. The operative amended complaint sought to enforce the ALJ's order and also asserted a claim under the MSP, seeking double

damages for the amounts Medicare paid for the services. *See* 42 U.S.C. § 1395y(b).[1]

The district court granted Vortex's motion to dismiss, finding it lacked jurisdiction to enforce the ALJ's order because it was not final and that the MSP claim was premature. This timely appeal followed.

## II

### A

"The Longshore Act is a worker's compensation plan under which employers subject to the Act are required, within statutory limits, to compensate their employees for job-related injuries or deaths." *Thompson v. Potashnick Constr. Co.*, 812 F.2d 574, 575 (9th Cir. 1987). Compensation claims are "filed with the deputy commissioner in the compensation district in which such injury or death occurred," 33 U.S.C. § 913, and disputes requiring a hearing referred to an ALJ, *id.* § 919(c)–(d). The ALJ can issue a "compensation order," either "rejecting the claim or making the award." *Id.* § 919(e); 20 C.F.R. § 702.348. Appeals from compensation orders go to the BRB. 33 U.S.C. § 921(b)(3). "Final orders of the BRB are reviewable by the United States Courts of Appeals." *Thompson*, 812 F.2d at 576 (citing 33 U.S.C. § 921(c)).

If an employer "fails to comply with a compensation order . . . that has become final," the beneficiary may bring an enforcement action in the district court. 33 U.S.C.

---

[1] The defendants are Vortex; Signal Mutual Indemnity Association, Vortex's insurer; Acclaim Risk Management, Inc., third party administrator for Vortex's Longshore Act claims; an Acclaim insurance adjuster; and two Acclaim officers.

§ 921(d).  "Unlike the BRB and court of appeals, the district court has no jurisdiction over the merits of the litigation." *Thompson*, 812 F.2d at 576.  A district court accordingly "cannot affirm, modify, suspend or set aside the order." *Id.* Rather, its "jurisdiction extends only to the *enforcement* of compensation orders." *Id.*

The district court dismissed Grimm's enforcement action because it found the ALJ's order not final under § 921(d).  We previously have not addressed when an order becomes final under that statute.  However, several of our sister Circuits have done so, and we join them in holding that to be "final" for purposes of § 921(d), an order must "at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *Severin v. Exxon Corp.*, 910 F.2d 286, 289 (5th Cir. 1990); *see also Stetzer v. Logistec of Conn., Inc.*, 547 F.3d 459, 463–64 (2d Cir. 2008) (adopting *Severin*'s analysis).[2]

---

[2] Other courts of appeal have also reached identical conclusions in suits under 30 U.S.C. § 932, the Black Lung Benefits Act ("BLBA"). Section 932 expressly incorporates the enforcement scheme in the Longshore Act.  *See, e.g.*, *Connors v. Amax Coal Co.*, 858 F.2d 1226, 1228–29 (7th Cir. 1988) ("[A] claimant . . . does not possess a compensation order making an award, that has become final—the ticket to admission to district court under section 921(d)—until that party obtains a final administrative determination resolving any dispute as to whether particular expenses are covered expenses." (internal quotations omitted)); *Connors v. Bethlehem Mines Corp.*, 862 F.2d 461, 463 (3d Cir. 1988) (requiring "the Secretary of Labor to make an initial determination of benefits before the district court has jurisdiction to enforce a final order"); *Connors v. Oglebay Norton Co.*, 848 F.2d 84, 85 (6th Cir. 1988) (holding that a plan could not "proceed directly" in district court to recover BLBA payments made to miners "since it has

The Longshore Act does not specify when a "compensation order" becomes "final" under § 921(d). But the Act defines "compensation" as "the money allowance payable to an employee," 33 U.S.C. § 902(12), suggesting that a final order must either specify the "money allowance" or provide a ready method for determining it. And, the governing regulations define "medical care" as that which is "recognized as appropriate by the medical profession for the care and treatment of the injury." 20 C.F.R. § 702.401(a). The district court's enforcement power does not extend to determining whether specific medical care is appropriate, or even whether the fees charged by a treating physician are reasonable. *See* 20 C.F.R. § 702.413 (requiring the agency to determine the reasonableness of disputed fees). It thus stands to reason, as *Severin* holds, that a district court's limited jurisdiction over a compensation order extends only to orders whose monetary sweep cannot be disputed.

Under the *Severin* rubric, the district court correctly found that it lacked jurisdiction over Grimm's § 921(d) enforcement claim. The ALJ's order stated "Vortex . . . must pay or reimburse the Claimant for all medical expenses arising from the Claimant's work related injuries." It did not list an amount to be paid or a means of calculating what Vortex owed. *See Severin*, 910 F.2d at 289. Nor did the order specify any specific medical service for which Vortex would be liable. "[A] decision is not final where the extent of damage remains undetermined." *BethEnergy Mines, Inc. v. Dir., Office of Workers' Comp. Programs*, 32 F.3d 843, 849 (3d Cir. 1994) (internal quotations omitted).

---

never been determined administratively that the miners are entitled to any specific award").

The relief that Grimm seeks, however justified, would plainly require the district court to insert itself into the "merits of the litigation." *Thompson*, 812 F.2d at 576.  The court would be called on to resolve disputes about whether the services Grimm received were for work-related injuries, and perhaps over the charges incurred for those services. Resolution of that dispute plainly turns on "extra-record facts which are potentially subject to genuine dispute between the parties."  *Severin*, 910 F.2d at 289.  Those disputes must be addressed in the first instance to the agency.[3]

Moreover, the amended complaint improperly requested modification of the ALJ's order.  For example, it sought issuance of three LS-1 forms authorizing payment for medical services, as well as an order requiring Vortex to pay timely for future medical care and hold Grimm harmless against claims brought by others.  Issuance of these forms would modify, rather than enforce, the ALJ's order and a district court lacks jurisdiction under § 921(d) to "modify" orders. *See Thompson*, 812 F.2d at 576.

Grimm correctly notes that the central purpose of the Longshore Act is "to place the compensation award in the hands of the entitled claimant as soon as possible."  *Sea-Land Serv., Inc. v. Barry*, 41 F.3d 903, 907 (3d Cir. 1994). That purpose might be furthered if Congress had seen fit to

---

[3] While this appeal was pending, the Office of Workers' Compensation Programs issued a Memorandum of Internal Conference, recommending that Vortex (1) pay or reimburse Grimm for all submitted chiropractic bills; (2) authorize Grimm's medical group to treat him with all appropriate medical care; and (3) review and resolve all outstanding non-chiropractic provider bills within 90 days.  We **GRANT** Vortex's motion for judicial notice of the Memorandum.

empower district courts to resolve disputes over whether a specific service should be paid for by the employer. But Congress did not do so, instead in § 921(d) limiting the district court to enforcement of final agency orders. The district court therefore did not err in dismissing the enforcement claim for lack of subject matter jurisdiction.

## B

The gravamen of Grimm's MSP claim is that Medicare was forced to pay his medical expenses after Vortex wrongfully refused to do so. The district court correctly rejected that claim as premature.

"The MSP makes Medicare insurance secondary to any 'primary plan' obligated to pay a Medicare recipient's medical expenses . . . ." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013) (citing 42 U.S.C. § 1395y(b)(2)(A)). The term "primary plan" includes "workmen's compensation law[s] or plan[s]." 42 U.S.C. § 1395y(b)(2)(A); *see* § 1395y(b)(8)(F); 42 C.F.R. § 411.40(a) (interpreting "primary plan" to include the Longshore Act). The MSP authorizes Medicare to make conditional payment for services if a primary plan "has not made or cannot reasonably be expected to make payment . . . promptly." *Id.* § 1395y(b)(2)(B)(i). Medicare can then seek reimbursement "if it is demonstrated that such primary plan has or had a responsibility to make payment." *Id.* § 1395y(b)(2)(B)(ii).

The MSP's private right of action allows a beneficiary to recover double the amount of Medicare payments made when a plan "fails to provide for primary payment (or appropriate reimbursement)." *Id.* § 1395y(b)(3)(A); *see Parra*, 715 F.3d at 1152. A primary payment includes a "payment [that] has been made, or can reasonably be

expected to be made" by a primary plan.    42 U.S.C.
§ 1395y(b)(2)(A).

But, "the defined term 'primary plan' presupposes an
existing obligation (whether by statute or contract) to pay for
covered items or services." *Humana Med. Plan, Inc. v. W.
Heritage Ins. Co.*, 832 F.3d 1229, 1237 (11th Cir. 2016).
Grimm's MSP claim would require the district court to
determine in the first instance whether Vortex was obliged
to pay for the items and services covered by a Medicare
conditional payment.  Until an ALJ, subject to review by the
BRB and court of appeals, has found an employer liable for
specific medical expenses, a plaintiff cannot demonstrate the
employer's responsibility as required by the MSP.  Absent a
final compensation order requiring that specific services
either be paid for or reimbursed, Grimm has failed to state a
claim for recovery under the MSP.

### III

For the reasons above, we **AFFIRM** the judgment of the
district court.

---

WATFORD, Circuit Judge, concurring:

I agree that the district court lacks jurisdiction to hear the
Longshore Act claim.   But while the court casts the
jurisdictional issue as one of finality, in my view there is a
more basic deficiency.   The Longshore Act limits the
jurisdiction of the district court to enforcing "compensation
orders."  33 U.S.C. § 921(d).  What Terry Grimm seeks to
enforce here is the portion of an administrative order
directing Vortex Marine Construction to pay or reimburse
Grimm in the future "for all medical expenses arising from

[his] work-related injuries." That is not a compensation order within the meaning of the Longshore Act. The Act defines "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this chapter." § 902(12). That definition does not include an employer's obligation to furnish future medical care. *Marshall v. Pletz*, 317 U.S. 383, 390–91 (1943). To obtain an enforceable compensation order, Grimm must first receive the medical care he requires and then seek an additional order directing Vortex to pay for the medical bills he has incurred. *Id.* at 391; *see* 33 U.S.C. § 907(d)(1). The Longshore Act does not permit a district court to issue an injunction under § 921(d) prospectively ordering an employer to pay for future medical benefits, no matter how specific the administrative order may be.